## JOHN P. NYGAARD v. B. B. LARSON.[1]

October 20, 1922.

No. 23,033.

**Arbitration—promise to pay more than award without consideration.**

1.  The promise to pay five times the sum found justly due by a board of arbitration to an associate in business for his interest therein is without consideration and nonenforceable except as to the single amount fixed by the board of arbitration.

**Former action bar to recovery.**

2.  The single amount of the award having been recovered by the promisee in a former action between the parties bars a second recovery upon the agreement.

**Unilateral wager invalid.**

3.  A unilateral bet or wager is no more binding than a unilateral promise based on no consideration in agreements not under the ban of the law.

Action in the district court for Norman county to recover $3,500. The facts are narrated in the second paragraph of the opinion.   The case was tried before Grindeland, J., who at the close of the testimony denied plaintiff's motion and granted defendant's motion for a directed verdict.   From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Brattland & McLaughlin,* for appellant.

*Ole J. Vaule* and *William P. Murphy,* for respondent.

[1]Reported in 190 N. W. 186.

HOLT, J.

A verdict was directed for defendant, and plaintiff appeals from the order denying his motion for judgment non obstante or a new trial.

There is no substantial conflict in the evidence. Plaintiff, Nygaard, and defendant, Larson, had been associated for some years in an automobile, implement and livery business under the name of Halstad Auto Company, and also in the operation of an electric light plant under a franchise granted by the village of Halstad, Minnesota. The necessary capital was furnished by Larson, and Nygaard had been in the active management. When they determined to sever their business relations, dispute arose as to Nygaard's interest therein, Larson claiming that the books showed a loss, hence there were no profits in which Nygaard could share. Litigation was threatened, but finally they entered an agreement to arbitrate. Arbitration was had, but Larson, asserting the arbitrators acted irregularly, brought an action to set aside the award. In that action Nygaard stood on the arbitration, and counterclaimed that the arbitration agreement was that Larson was to pay Nygaard, not the amount awarded by the arbitrators, but "a sum of money equal to five times the amount which the said Board of Arbitration would allow to this defendant (Nygaard) as the value of his interest, if any, in the said firm of Halstad Auto Company." At the trial of said action, claim for five times the amount was withdrawn, but evidently the case was tried on the theory that Nygaard stood on the counterclaim demanding affirmative relief by way of a money judgment upon the arbitration agreement, and such judgment was entered in his favor for $1,125.38. On appeal to this court the judgment was affirmed. Larson v. Nygaard, 148 Minn. 104, 180 N. W. 1002. That judgment has been since satisfied. The present action is upon the same counterclaim alleged in the former suit, except that judgment is asked for four times the amount the board of arbitrators awarded Nygaard for his interest in the Halstad Auto Company.

The errors assigned are these: (1) That the court erred in denying plaintiff's motion for a directed verdict; (2) erred in directing

a verdict for defendant; and (3) the verdict is not justified by the evidence and is contrary to law. If the second assignment of error is not well taken, there can be no merit in the other two.

The agreement in suit is without adequate legal consideration. Appellant's counsel makes an ingenious argument to the contrary, but, we think, the undisputed facts prove only a shadow and not the substance of a good and sufficient consideration in law. The court in the former action found that the parties hereto submitted to the board of arbitration "each and every matter in dispute between said plaintiff [Larson] and defendant Nygaard involving each and every business relation between them and the right of each in and to said business, and to determine the money value thereof, and the said board was to decide said matters and make their award accordingly, and in their award to award to the defendant Nygaard such sums of money as said board might find due him, or the value of his interest in said business, together with any damages he might have sustained by reason of any breach of any contract between the plaintiff and said Nygaard." It is plain that everything between the parties, including even an alleged breach of contract in refusing to longer employ Nygaard as manager of the electric light plant, was adjusted and determined by the board and the amount due Nygaard fixed. There can be no consideration for the promise of Larson to pay more. There is no force in the argument that Nygaard surrendered possession in reliance on the promise to pay five times the award, for such possession was not surrendered until Larson deposited $1,000 with a banker as security that he would pay Nygaard according to the agreement. Nygaard ought not seriously ask a court to believe that he was so bent on acting the dog in the manger that he exacted a promise of Larson to pay five times what was justly due because, forsooth, a dissolution by a receivership or some expensive litigation could have been forced that would have wiped out Larson's entire investment. At any rate, there should be no endeavor to spell out a consideration in so sordid a motive. We think the promise to pay any sum in addition to the award was gratuitous and wholly without consideration.

There is another legal obstacle to a recovery in this case. The answer alleged another action pending between the same parties upon the same cause of action, and by supplemental answer the defense was made that judgment had been duly rendered in said action in favor of Nygaard for $1,125.38, which judgment had been fully paid by Larson. The question is, was the arbitration agreement susceptible of two separate causes of action, or was there one cause of action only which by the former suit resulted in a judgment since paid.

Nygaard thus states the agreement: "After we agreed on the arbitrators, who they should be, then we agreed on the terms and that was to arbitrate all our differences arising from this partnership, and the decision of the board should be final and binding and no appeal. That was the agreement. And he agreed that he would give me five times as much as the board of arbitrators gave me, provided I turned the property over to him then and there, and he would deposit a thousand dollars in the First National Bank that he would keep his word with me and I turned over everything to him." It further appears that Nygaard does not claim that it was intended to be five times the whole award, but five times what was found to be his interest in the business, that is, salary and damages for breach of contract were not included. The value of Nygaard's interest in the business was fixed at $700 by the arbitrators. The agreement testified to by Nygaard was not to pay $700 and in addition thereto $2,800, the amount claimed in this suit. It was an agreement to pay five times the award, not four times.

The counterclaim in the former action was for five times the amount of the whole award, and, of course, included the $700 which entered into the judgment therein. The statement of Nygaard's attorney at the trial of the arbitration action that "for the purpose of the record I want to state that the claim for five times the amount of the award is withdrawn and out of the case," did not in terms withdraw the whole counterclaim, nor can that effect be given, for Nygaard claimed and caused to be entered a money judgment therein for the amount of the award. He had but one cause of action for a money judgment against Larson on the agreement

testified to by him. He could not split that up into two. "When a plaintiff brings an action upon a contract, he is bound to submit to the court all claim that he then has to its relief upon that contract. If there are several grounds for relief, they constitute but one cause of action, and the judgment determines them all." Thompson v. Myrick, 24 Minn. 4. Nygaard had but one contract with Larson as to what he was to receive on the dissolution of the business. When Larson failed to pay what was agreed, the breach of the contract was complete. Nygaard by the former action obtained judgment for at least a part. He cannot again recover.

Appellant half concedes that Larson's promise to pay many times the amount of the award was in the nature of a bet, but contends it is not brought within the legal definition of a bet or wager because Larson alone stood to lose upon the happening of the event. Nygaard promised nothing. This argument seems to us to lead to the same conclusion, viz., that the agreement was a unilateral promise based upon no valid consideration and no promise on the part of Nygaard. The litigation between these parties strongly supports the claim that Larson, believing the books of account to be accurate, was so certain that nothing was coming to Nygaard upon an accounting and settlement of their business relations that he was willing to make the promise in the way of a bet or wager. That Larson should voluntarily and knowingly agree to pay Nygaard, or any other person, five times more than justly due, except upon a to him certain bet, is thoroughly disproved by the cases that have reached this court, and undoubtedly more clearly by the records in the nisi prius courts. But, as stated, we need not determine whether the promise was or was not a wager, for it was without legal consideration. A unilateral bet is no more binding than a unilateral promise based on no consideration in agreements not forbidden by statute or public policy. If parties to a lawsuit should agree that the one against whom the judgment went should pay five times the amount of the judgment, it would hardly be contended that there was a good consideration for the promise, or that it would not be against public policy for courts to enforce such a promise.

The order is affirmed.