Debra Lynn ANDERSON and Roger Norman, Trustees for the Heirs at Law of Cynthia Renae Norman, deceased, Petitioners, Appellants,

v.

FEDERATED MUTUAL INSURANCE COMPANY, a Corporation, Respondent.

No. C0–90–1456.

Supreme Court of Minnesota.

Feb. 28, 1992.

Michael L. Lander, Bergeson, Lander & Megarry, Bloomington, for appellants.

Kenneth F. Johannson, Dickel, Johannson, Taylor & Rust, Crookston, for respondent.

KEITH, Chief Justice.

The issue in this case is whether an oral agreement to submit a dispute to arbitration is enforceable in this state when one of the parties refuses to submit the dispute to arbitration. We hold that the oral agreement is not enforceable prior to the actual submission to arbitration.

Cynthia Renae Norman, age 15, was a passenger in the back seat of a car which was being towed out of a ditch in rural Roseau County by a pick-up truck owned and operated by Donald Grahn and O.K. Machine Co., d/b/a Tow Services, Inc. She was accidentally killed when she was hit in the back of the head by the clevis attaching the tow rope to the car.

Her parents, Debra Lynn Anderson and Roger Norman, who are divorced, were named co-trustees of her estate. They brought a wrongful death suit against Grahn and O.K. Machine Company. Federated Mutual ("Federated") insures these defendants. Following unsuccessful attempts to mediate a settlement, appellants' attorney, after numerous letters and telephone conferences with Federated's claims agent, believed he had reached an agreement to arbitrate the wrongful death claim. Federated, believing that all terms were not agreed upon, refused to proceed to arbitration.

Appellants brought an action for declaratory judgment. The trial court found that there was an oral agreement to arbitrate, and ordered arbitration. On appeal, the court of appeals reversed the trial court holding that the Minnesota Uniform Arbitration Act superseded common law arbitration and that oral contracts to arbitrate, being part of the common law, were unenforceable. *Anderson v. Federated Mutual Insurance Co.*, 465 N.W.2d 68 (Minn.App. 1991).

Prior to 1957, statutory and common law arbitration co-existed in this state. *See, e.g. Park Const. Co. v. Indep. School Dist. No. 32*, 209 Minn. 182, 296 N.W. 475 (1941). In 1957, however, when this state adopted the Uniform Act, the legislature repealed Minn.Stat. § 572.01 (1953), which had expressly preserved common law arbitration. We conclude, however, that this did not have the effect of abolishing common law arbitration. The Uniform Act, as adopted, did not, explicitly, either preserve or exclude common law arbitration; it was simply silent on the subject. In this context, we follow our general rule that existing common law remedies are not to be abrogated unless such intention is clearly expressed. *Braufman v. Hart Publication, Inc.*, 234 Minn. 343, 350, 48 N.W.2d 546, 551 (1951); *See also, Agassiz & Odessa Mut. Fire Ins. Co. v. Magnusson*, 272 Minn. 156, 166, 136 N.W.2d 861, 868 (1965) (statutes are presumed not to modify or to alter common law unless they expressly so provide); *State ex rel. Verbon v. County of St. Louis*, 216 Minn. 140, 145, 12 N.W.2d 193, 196 (1943) ("A statute will not be con-

**50**

strued as abrogating a rule of the common law unless such intention is clearly expressed.").

Significant, too, we think, is that the Committee of the Whole on the Uniform Arbitration Act has stated that the Uniform Act was not intended to abrogate common law arbitration. Transcript of the Proceedings in the Committee of the Whole on the Uniform Arbitration Act, National Conference of Commissioners on Uniform State Laws at 80 (1956).

■ Under the Uniform Arbitration Act, as adopted in Minnesota, an agreement to arbitrate must be in writing to be enforceable. Minn.Stat. § 572.08 (1990). Consequently, the oral agreement in this case is not enforceable under statutory arbitration. Is the oral agreement, nevertheless, enforceable under common law arbitration? In our view, the oral agreement is unenforceable at common law, not because common law arbitration was "superseded" by the Act, but because at common law an oral agreement is revocable at any time before the matter is deemed submitted to the arbitrator. *See* Pirsig, *Some Comments on Arbitration Legislation and the Uniform Act*, 10 Vand.L.Rev. 685 (1957); *Park Construction*, 209 Minn. at 210–11, 296 N.W. at 488–89 (Peterson, J., dissenting).

■ In other words, if the parties to an oral agreement to arbitrate proceed to arbitration, the courts will, under common law principles, enforce the award. *See Larson v. Nygaard*, 148 Minn. 104, 180 N.W. 1002 (1921). In this sense, at least, common law arbitration remains viable in this state.

If there was an oral agreement in this case as the trial court so found, then, Federated must have chosen to revoke or withdraw from that agreement, and it may do so. Under these facts, the oral agreement whether considered under our Uniform Act or at common law, is not enforceable.

Affirmed.