646 N.W.2d 911 (2002)
MINNESOTA EQUAL ACCESS NETWORK SERVICES, now known as Onvoy, Inc., Appellant,
v.
BURLINGTON NORTHERN & SANTA FE RAILROAD COMPANY, Defendant,
Henkels & McCoy, Inc., Respondent, and
Qwest Communications Corp., Defendant and Third-Party Plaintiff,
v.
Sunbelt Telecommunications Services, Inc., et al., Third-Party Defendants.
No. C4-02-236.
Court of Appeals of Minnesota.
July 16, 2002.
*912 E. Curtis Roeder, Hanson, Lulic & Krall, Minneapolis, MN, for appellant.
Nancy L. Gores, Conley & Borgeson Law Office, St. Paul, MN, for respondents.
Considered and decided by HANSON, Presiding Judge, ANDERSON, Judge, and HALBROOKS, Judge.

OPINION
HANSON, Judge.
Respondent excavator cut appellant telephone company's underground optic cable. Appellant sued for damages. The jury found that respondent did not conduct the excavation in a careful and prudent manner *913 and attributed 70% of the direct cause of the accident to respondent's fault. But the district court ruled that appellant was not entitled to damages because it failed to respond to the excavation notice given by the excavator under the One Call Excavation Notice System. Because we conclude that the One Call Excavation Notice System does not abrogate the comparative fault statute or common law negligence, we reverse and remand with directions to enter judgment pursuant to the special verdict.

FACTS
Minnesota has adopted a One Call Excavation Notice System for underground excavations that are to be made in the area of underground utility lines. This system, found in Minn.Stat. Ch. 216D.01-09 (2000), requires excavators to give prior notice of a proposed excavation to all affected operators, who in turn are required to respond by locating and marking the approximate horizontal location of their underground facilities. The system creates the statutory liability of an excavator for the cost of repairs from damage to the underground facility, but relieves the excavator of liability if the damage was caused by the sole negligence of the operator or if the operator fails to respond to the notice.
Qwest Communications hired respondent Henkels & McCoy, Inc. (Henkels) to excavate a trench for a utility line. Appellant Minnesota Equal Access Network Services (MEANS), now known as Onvoy, Inc., operated a buried fiber optic cable near the excavation area. The parties agree that the excavation was subject to the notice procedure and that MEANS is an "operator" and Henkels is an "excavator" under the statute.
Henkels provided excavation notice using Gopher State One Call's notification center, as required by Minn.Stat. § 216D.04, subd. 1(a) (2000). Gopher State sent out a "locate ticket" to MEANS because it had underground facilities in the area. The "locate ticket" instructed MEANS to locate and mark its underground facilities. MEANS received the notice from Gopher State but did not respond or mark its buried fiber optic cable.
On November 17, 1998, Henkels excavated the area and cut through MEANS' buried fiber optic cable. MEANS' service was interrupted. The incident caused damage of about $13,000 for repairs and $80,000 for losses from service unavailability.
MEANS sued Henkels. The jury returned a special verdict finding that Henkels had not conducted its excavation in a careful and prudent manner and attributing 70% of the direct cause of the accident to the fault of Henkels. The jury found that the cost of necessary repairs was $13,088.34 and that damages for loss of use were $75,936.55.
The district court entered findings pursuant to the special verdict but concluded as follows:
Pursuant to Minn.Stat. § 216D.06, subd. 2b, Henkels and McCoy, Inc., does not owe any monies to Minnesota Equal Access Network Services, now known as Onvoy, Inc., for property damage to the underground facility because the operator failed to comply with section 216D.04, subdivision 3.
MEANS moved the district court to amend the conclusion, to grant judgment notwithstanding the verdict or for a new trial. The district court denied the motion. This appeal follows.

ISSUE
Does the One Call Excavator Notice System, under Minn.Stat. Ch. 216D abrogate a cause of action for common law *914 negligence, with comparative fault, when an operator fails to respond or mark its underground facility?

ANALYSIS
Statutory interpretation is an issue of law that we review de novo. Baker v. State, 590 N.W.2d 636, 638 (Minn.1999). Words and phrases are to be construed according to their plain and ordinary meaning. Frank's Nursery Sales, Inc. v. City of Roseville, 295 N.W.2d 604, 608 (Minn.1980). A statute should be interpreted, whenever possible, to give effect to all of its provisions, and "no word, phrase, or sentence should be deemed superfluous, void, or insignificant." Amaral v. Saint Cloud Hosp., 598 N.W.2d 379, 384 (Minn. 1999). "[V]arious provisions of the same statute must be interpreted in light of each other." Van Asperen v. Darling Olds, Inc., 254 Minn. 62, 74, 93 N.W.2d 690, 698 (1958). Finally, courts should construe a statute to avoid absurd and unjust consequences. See Erickson v. Sunset Mem'l Park Ass'n, 259 Minn. 532, 543, 108 N.W.2d 434, 441 (1961).

I
MEANS argues that the district court erred by interpreting Minn.Stat. Ch. 216D to abrogate a common law cause of action for negligence where an operator does not respond to the notice given under the One Call Excavator Notice System.
Generally, statutes are presumed to be consistent with the common law and will not be construed to modify or alter the common law unless they expressly so provide. See, e.g., Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 377-8 (Minn.1990); In re Estate of Jobe, 590 N.W.2d 162, 166 (Minn.App. 1999), review denied (Minn. May 26, 1999). More specifically, a new remedy that is created by statute will be regarded as cumulative to existing common law remedies. See, e.g., In re Shetsky, 239 Minn. 463, 469, 60 N.W.2d 40, 45 (1953). And, existing common law remedies are not to be considered abrogated by statute unless that statute clearly expresses an intention to abrogate them. Anderson v. Federated Mut. Ins. Co., 481 N.W.2d 48, 49 (Minn.1992).
The statutory liability created for excavators under the One Call Excavation Notice System is contained in Minn.Stat. § 216D.06, subd. 2 (2000) which states:
(a) If an excavator damages an underground facility, the excavator shall reimburse the operator for the cost of necessary repairs, and for a pipeline the cost of the product that was being carried in the pipeline and was lost as a direct result of the damage.
(b) Reimbursement is not required if the damage to the underground facility was caused by the sole negligence of the operator or the operator failed to comply with section 216D.04, subdivision 3.
This language does not address the common law liability of excavators for negligence. While it creates a new statutory remedy, it does not state that alternative remedies are precluded.
We conclude that Minn.Stat. Ch. 216D does not abrogate the operator's common law cause of action for negligence, even when the operator fails to respond to the location notice. The operator's failure to respond may, as it was here, be considered as negligence in a comparative fault analysis, but it does not preclude the action.

II
At oral argument, MEANS offered to concede that it could not recover the cost of repairs under its common law negligence claim, assuming that the creation of a statutory liability for the costs of repairs *915 might be seen as an implied abrogation of any common law liability for those same damages. Given our analysis above that the statutory remedy is cumulative and not exclusive, we conclude that MEANS can recover for both the cost of repairs and loss of use under its common law negligence claim.

DECISION
Minn.Stat. § 216D.06, subd. 2, requires an excavator to reimburse an operator for the cost of repairs from damage to the operator's underground facilities unless the damage is caused by the operator's sole negligence or the operator has failed to respond to notice given under Minn. Stat. § 216D.04, subd. 3 (2000). Because the statute does not clearly express a legislative intent to abrogate alternate causes of action, including an action for negligence, we reverse and remand for entry of judgment pursuant to the special verdict, awarding damages to MEANS of $13,088.34 for the cost of repairs and of $75,936.55 for loss of use.
Reversed and remanded.