In the Matter of Arbitration Between: STATE of Minnesota, by Barbara SUNDQUIST, its Commissioner of the Department of Employee Relations, petitioner, Respondent,

v.

MINNESOTA TEAMSTERS PUBLIC AND LAW ENFORCEMENT EMPLOY- EES UNION LOCAL NO. 320, and Thomas Lindgren, Appellant.

No. 81–121.

Supreme Court of Minnesota.

March 5, 1982.

David A. Singer, Edina, for appellant.

Warren Spannaus, Atty. Gen., and Andrea Mitau Kircher, Spec. Asst. Atty. Gen., St. Paul, for respondent.

WAHL, Justice.

The State of Minnesota brought this action in Ramsey County District Court to vacate an arbitration award in favor of its employee, Thomas Lindgren, and his union, Minnesota Teamsters Public and Law Enforcement Employees Union Local No. 320 (hereinafter "the union"). The trial court vacated the award on the ground that the arbitrator had exceeded the authority given him by the parties. We reverse and remand with instructions to reinstate the award of the arbitrator.

Lindgren is one of three correctional counselors who were disciplined for culpability in the escape of inmate Robert Miller from the Minnesota Correctional Facility at Stillwater (hereinafter "Stillwater") on December 13, 1979. At the time of the escape, which occurred about 3 or 3:30 a. m., Lind-

gren was stationed in Tower 3 along the top of the prison wall. He was disciplined because the Stillwater administrators felt that he should have seen Miller running across the open area within the prison and climbing up the wall of the facility and that only his inattentiveness permitted the escape. Lindgren was suspended for 20 days.

Lindgren's union and his employer are parties to a collective bargaining agreement, in force at the time of this incident, which permits appeal of grievances to arbitration. The union filed a grievance which ultimately resulted in a reduction of the period of suspension to 15 days. Lindgren and the union then appealed the 15-day suspension to arbitration.

The parties stipulated that the arbitrator would decide one issue only:

> Did the Minnesota Correctional Facility—Stillwater, have "just cause" to discipline [Thomas Lindgren] for his actions of December 12 and 13, 1979?
>
> (a) That the Arbitrator, having accepted the joint stipulation of the parties is thereby limited in his authority to determine whether "just cause" was exercised, and is without authority to modify the disciplinary penalty. See *City of Bloomington, Local 2828, AFSCME et al.,* Minn. S.Ct. January 11, 1980.

After taking testimony and touring the Stillwater facility, the arbitrator ruled that the facts of the case did not support a charge of negligence and, therefore, that Stillwater did not have just cause to discipline Lindgren. He noted the following facts in support of his conclusion: Lindgren was alone patrolling a considerable area of the wall and yard at the time of Miller's escape; there were a number of architectural barriers which could have concealed Miller from his view; there was no one in the other guard tower and there was no ground patrol who could have seen Miller. The arbitrator also referred in his opinion to the disciplinary penalty which had been imposed on Lindgren, stating that it was

out of line when compared to penalties imposed on other counselors and that it "cannot be supported and is overturned."

The state then brought this action under the authority of the Minnesota Uniform Arbitration Act, which provides that "Upon application of a party, the court shall vacate an award where: * * * (3) the arbitrators exceeded their powers." Minn.Stat. § 572.-19, subd. 1(3) (1980). The state maintained that, in considering the nature of the punishment imposed, the arbitrator went beyond a determination of just cause and, therefore, beyond the authority given him. The trial court agreed and vacated the arbitrator's award. In the memorandum accompanying its order, the court stated that it could find no evidence which would support a finding that Lindgren had not been negligent and that the arbitrator's decision must have been "colored by his feelings regarding the fifteen day suspension."

■■ The standard of review of an arbitrator's decision by the trial court and by this court is very narrow. The general rule is that "an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact." *Cournoyer v. American Television and Radio Co.,* 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957). Did the arbitrator in this case go beyond the authority given to him when he commented on the punishment which had been imposed on Lindgren?[1]

■ What was the authority given the arbitrator by the parties? It was "to determine whether 'just cause' was exercised." If the collective bargaining agreement had specified that certain acts would constitute just cause, the arbitrator would have performed his function by determining whether or not Lindgren had committed those acts. *City of Bloomington v. Local 2828 of the American Federation of State County and Municipal Employees,* 290 N.W.2d 598 (Minn.1980). However, "[b]y failing to specifically define what acts constitute just

---

1. The state also argues that the arbitrator's award should be overturned on public policy grounds. The state, having consented to arbitration, should be bound by any decision in which the arbitrator stays within the scope of his authority.

cause for discharge, * * * the parties [leave] this decision to the arbitrator." *Id.* at 602.

 The arbitrator found that the facts did not support a charge of negligence and that Stillwater had no just cause for its discipline of Lindgren. He noted several facts in support of his conclusion. A finding of no just cause necessarily modifies the disciplinary penalty; no discipline results. The fact that the arbitrator discussed the penalty, however, does not warrant the conclusion that he set out to modify it.

The state cites as support for its position cases decided under the NLRA, including *Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co.*, 330 F.2d 562 (8th Cir. 1964). In that case, an employee was discharged for falsifying time records, and the issue of his discharge was submitted to arbitration. The arbitrator found that the employee's conduct warranted discipline but that discharge was an excessive penalty for his misconduct. He ordered reinstatement of the employee. The Eighth Circuit upheld the district court's reversal of the arbitrator's award on the ground that the arbitrator had exceed his authority in determining a penalty.

While factually similar, *Truck Drivers* can be distinguished from this case in that *Truck Drivers* was decided under a collective bargaining agreement which provided that dishonesty of an employee was grounds for discharge. The role of the arbitrator was to assess the facts; he could substitute his judgment for that of the employer only upon the finding of specific facts which did not support the employer's decision. His award was overturned because he had not performed that obligation. Here, however, the arbitrator was given the authority to determine just cause without any restrictions on that determination. He performed that task and did not exceed his power by modifying the penalty. We reverse and remand to the trial court with instructions to reinstate the award of the arbitrator.

Reversed and remanded.

KELLEY, J., took no part in the consideration or decision of this case.