**In the Matter of the Arbitration between Darwin KOSTRZEWSKI, Respondent,**

**v.**

**PENNSYLVANIA GENERAL INSURANCE COMPANY, Appellant.**

**No. C8–84–1812.**

Court of Appeals of Minnesota.

April 2, 1985.

Allen H. Aaron, Minneapolis, for respondent.

Sally A. Holmgren, Golden Valley, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Uninsured motorist carrier Pennsylvania General Insurance Company appeals the trial court's order affirming the arbitrators' award of $57,957.96, plus interest, to respondent Darwin Kostrzewski.

## FACTS

Respondent Darwin Kostrzewski was injured in a motor vehicle accident in the course of his employment. Respondent was driving a farm tractor and pulling a trailer, and he stopped the tractor to check a tire. As he was examining the tire, an uninsured motorist struck the tractor, fracturing respondent's left leg.

Respondent received the following benefits from his workers' compensation carrier: $7,844.98 in medical expenses; $4,592.97 in temporary, total disability benefits; and $2,933.26 in permanent, partial disability benefits. He also received $2,042.04 in basic economic loss benefits from Pennsylvania General Insurance Company. (Pennsylvania General). These figures are not in dispute.

Both parties agreed to arbitrate this claim, pursuant to a clause in the insurance agreement. The arbitrators found that respondent's damages totalled $60,000, offset by personal injury protection (PIP) benefits of $2,042.04 paid by Pennsylvania General. The insurance contract called for a reduction of benefits for sums paid under workers' compensation law but the arbitrators made no offset for compensation benefits paid.

Respondent brought a motion in district court to enforce the arbitrators' award. Pennsylvania General also brought a motion to vacate that portion of the award that duplicated damages already compensated by the workers' compensation carrier. The district court found the offset issue was arbitrable and denied the offset sought by Pennsylvania General.

## ISSUES

1. Was the offset issue arbitrable?

2. Was it error to deny Pennsylvania General an offset for the portion of the award compensated by the workers' compensation carrier?

## ANALYSIS

1. The standard of review of an arbitrator's decision by both trial and appellate courts is very narrow. *State v. Minnesota Teamsters Public and Law Enforcement Employees Union Local No. 320*, 316 N.W.2d 542, 544 (Minn.1982). The general rule is that "an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact." *Id.* at 544, *quoting Cournoyer v. American Television and Radio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957).

Appellant argues that the offset issue is not within the scope of the policy's arbitration clause. If it is "reasonably debatable" whether the scope of the arbitration clause

includes a coverage, stacking, or set-off dispute, the issue should initially go to arbitration, subject to later de novo review by the district court. *Woog v. Home Mutual Indemnity Co.,* 340 N.W.2d 863, 865 (Minn. 1983).

Respondent's insurance policy calls for arbitration if there is a disagreement about whether the covered person is "legally entitled to recover damages" under the policy, or if there is a disagreement about the "amount of damages." It is reasonable to view the offset question as a disagreement about the amount of damages the insurer must pay.

Moreover, the trial court properly reviewed the question and affirmed the arbitrator's decision on the merits. There was no error.

2. Appellant also argues that it was error to deny it an offset for sums paid under workers' compensation law. The Minnesota Supreme Court addressed this issue in *Brunmeier v. Farmers Insurance Exchange,* 296 Minn. 328, 208 N.W.2d 860 (1973). There, the court invalidated an insurance policy provision which reduced uninsured motorist coverage by amounts paid for workers' compensation as contrary to public policy.

Although *Brunmeier* was decided before the enactment of the Minnesota no-fault automobile insurance act, Minn.Stat. §§ 65B.41–.71, uninsured coverage was unchanged by that enactment. *Gudvangen v. Austin Mutual Insurance Co.,* 284 N.W.2d 813 (Minn.1978), *aff'd on rehearing,* 284 N.W.2d 817 (1979), *appeal dismissed,* 444 U.S. 1062, 100 S.Ct. 1002, 62 L.Ed.2d 745 (1980).

Moreover, the Minnesota Supreme Court has since cited with approval the policy enunciated in *Brunmeier. See Wallace v. Tri-State Insurance Co.,* 302 N.W.2d 337, 340 (Minn.1980); *Janzen v. Land O'Lakes, Inc.,* 278 N.W.2d 67, 70 (Minn.1979); *Taylor v. Great Central Insurance Co.,* 305 Minn. 446, 448–49, 234 N.W.2d 590, 591 (1975).

As the Court said in *Brunmeier,:*

The injured party was entitled to compensation as a condition of employment, and his employer had paid premiums for that purpose, just as the injured party himself had paid a premium for the uninsured-motorist coverage.

296 Minn. at 335, 208 N.W.2d at 864.

The trial court properly followed *Brunmeier* to disallow any set-off for workers' compensation benefits paid.

3. Respondent argues he is entitled to attorney fees. Attorney fees are not recoverable unless specifically provided for by statute or contract. *Langeland v. Farmers State Bank of Trimont,* 319 N.W.2d 26, 33 (Minn.1982). As the trial court noted, there is no statutory provision for recovery of attorney fees in a dispute over uninsured motorist coverage, nor did respondent's contract provide for them. There was no error.

## DECISION

It was not error for the trial court to enforce the arbitrator's award.

Affirmed.