**DAVID A. BROOKS ENTERPRISES, INC., et al., Respondents,**

v.

**FIRST SYSTEMS AGENCIES, Defendant,**

**Mission National Insurance Company, Appellant.**

No. C0–84–2064.

Court of Appeals of Minnesota.

June 25, 1985.

Robert G. Haugen, Minneapolis, for appellant.

John R. McBride, St. Paul, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from a trial court's confirmation of an appraisal umpire's award of prejudgment interest on an insurance claim.

## FACTS

Respondents-plaintiffs David A. Brooks Enterprises, Inc. and Brooks & Isaacs, Ltd., Minnesota corporations, (Brooks) are owners of a railroad warehouse which they were remodeling into office condominiums. Brooks obtained a builder's risk policy from appellant-defendant Mission National Insurance Company (Mission). In March 1982, a storm caused water damage to the interior of the building. Brooks made a claim under the insurance policy, and Mis-

sion paid Brooks $39,203.95. Brooks disputed the amount, appointed an appraiser and demanded an appraisal of the damage under the policy provisions and also under Minn.Stat. § 65A.01 (1982).

Brooks and Mission disagreed as to whether the loss should be measured by cash value or replacement cost. Mission refused to allow the appraiser to resolve the dispute, and Brooks initiated a suit for interpretation of the insurance policy. While the action was pending, the court ordered a determination by two appraisers under the appraisal clause in the insurance policy.

The appraisers were to make both a cash value and a replacement cost determination, leaving to the court the decision of which appraisal conformed to the insurance policy. The appraisers could not agree and submitted the matter to an umpire. Both appraisers included interest, calculated from the date the damage occurred, in their assessments of damages. The umpire made an award of $115,944.19 on a cash value basis, less the $39,203.95 which Mission had already paid. The award amounted to more than $56,000 above what the insurance company originally paid Brooks. $20,216.19 represented interest. .

Brooks moved for judgment on the award. Mission paid the cash value claim, but challenged the interest award. The court ordered judgment entered for the amount of the cash value and the interest. Mission appeals only that part of the judgment confirming the interest award of $20,216.19.

## ISSUE

Did the trial court err in confirming the appraisal umpire's award of prejudgment interest?

## ANALYSIS

We believe that the arbitration statute, Minn.Stat. § 572.01–572.30 (1980), governs the decision of the appraisers, and therefore, the appraisers had the authority to award prejudgment interest.

In *National Indemnity Co. v. Farm Bureau Mutual Ins. Co.*, 348 N.W.2d 748 (Minn.1984), the supreme court held that a trial court may not award prejudgment interest where application for arbitration included interest as an item of damages, and the arbitrator awarded none. The implication of the decision is that the arbitrator has the authority to award prejudgment interest where it is contested as an item of damages.

Since appraisal awards are to be treated as arbitration awards, the same standard of review applies. Arbitrators must clearly exceed their powers before the trial court will overturn the award. *Hilltop Construction, Inc. v. Lou Park Apartments*, 324 N.W.2d 236 (Minn.1982).

The appraisal clause in the Mission fire insurance policy reads as follows:

> If the Assured and the Underwriters fail to agree as to the amount of loss or damage, they shall each nominate a competent and disinterested appraiser and the two so chosen shall first select a competent and disinterested umpire, the appraisers together shall then estimate and appraise the loss or damage, stating separately the sound values and damage and, failing to agree, shall submit their differences to an umpire, and the award in writing of any two shall determine the amount of the loss or damage. The parties hereto shall pay the appraisers respectively selected by them and shall bear equally the expense of the appraisal and umpire.

Here, *both* appraisers included interest in their respective damages award. The umpire confirmed the award based on cash value and interest. The trial court treated the award as an arbitration award under Minn.Stat. § 572. In confirming the umpire's award, the trial court indicated by memorandum that the award of interest is justified because the dispute has continued for over two years. The court concluded it "would be manifestly unfair to permit the insurance company to dispute a claim and leave the property owners the full burden

of loss of the money until the award is approved."

Minn.Stat. § 549.09, subd. 1 (1982), provides:

> When the judgment is for the recovery of money, * * * interest *from the time of the verdict or report* until judgment is finally entered shall be computed by the clerk as provided in this section and added to the judgment.

(Emphasis added).

■ While this statute requires that interest on a judgment be computed from the time of the report or verdict until the judgment is entered, Minnesota law emphasizes the need to uphold an arbitrator's award even in the face of a mistake of law. A court will not set aside an arbitration award because it thinks that the arbitrators erred as to the law or the facts. *Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 579, 83 N.W.2d 409, 411 (1957).

■ An award of arbitrators is not impeachable for a mistake of law. *Id.* "An arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact." *State by Sundquist v. Minnesota Teamsters Public and Law Enforcement Employees Union Local No. 320*, 316 N.W.2d 542, 544 (Minn. 1982). Arbitrator's awards will only be impeached if their conclusions were so at variance from conclusions which might legitimately be drawn from the evidence before them as to imply bad faith or failure to exercise an honest judgment. *Cournoyer*, 249 Minn., at 580–81, 83 N.W.2d at 412. No such finding or inference could be implied in this case.

■ Here, both parties' arbitrators included interest in the appraisal, dating from the occurrence of the damage, and the umpire also calculated this interest. In light of the strong preference in Minnesota for upholding the finality of an arbitrator's award, we do not find the interest award to constitute bad faith or a failure to exercise an honest judgment.

## DECISION

We affirm the trial court's confirmation of the appraisal umpire's award of prejudgment interest.

Affirmed.