Viola **KORANDA**, et al., Respondents,

v.

**AUSTIN MUTUAL INSURANCE COMPANY**, Appellant.

No. C5–86–1044.

Court of Appeals of Minnesota.

Dec. 9, 1986.

Review Denied Feb. 13, 1987.

Douglas E. Schmidt, Grose, Von Holtum, Sieben & Schmidt, Ltd., Minneapolis, for respondents.

Elton A. Kuderer, Thomas A. Harder, Erickson, Zierke, Kuderer, Myster, Madsen & Wollschlager, Fairmont, for appellant.

Considered and decided by RANDALL, P.J., and FOLEY and HUSPENI, JJ., without oral argument.

## OPINION

FOLEY, Judge.

This appeal originates from a claim for underinsured motorist benefits by respondents Richard and Viola Koranda for injuries they sustained in a December 27, 1983 rear-end collision with an automobile driven by Frederick Manfred. Appellant Austin Mutual Insurance Company is the Korandas' underinsurance carrier. The accident took place on an interstate highway where a vehicle owned by the State of Minnesota was removing snow and creating visibility problems. Pursuant to the Korandas' demand, the matter was submitted to underinsured motorist arbitration.

The arbitration panel ultimately determined that, although the operator of the state-owned snow plow "contributed to the accident," Austin Mutual was entitled to deduct only the liability coverage applicable to the Manfred vehicle from the damages the Korandas had individually suffered and not the combined liability coverage of the Manfred and State of Minnesota policies.

A judgment confirming the arbitration award in all respects and denying Austin Mutual's motion to vacate and/or modify the award was subsequently entered. Austin Mutual now appeals from that judgment, claiming that it was entitled to a combined offset of liability coverage as a matter of law. We affirm.

## FACTS

Limitations on liability and underinsured motorist (UIM) coverage in this case consisted of the following:

| The Koranda vehicle (Austin Mutual) | $250,000/$500,000 |
| The Manfred vehicle | $ 25,000/$ 50,000 |
| State-owned vehicle | $100,000/$500,000 |

The matter was submitted to underinsured motorist arbitration, with the parties' stipulation that Manfred was negligent and a direct cause of the accident. At the outset of arbitration, Austin Mutual asserted a right to combine all applicable liability policies before an award of UIM benefits would be payable pursuant to an "exhaustion clause" contained within the UIM endorsement.

The arbitration panel ultimately determined that Viola Koranda had suffered damages of $185,000, that Richard Koranda had sustained damages of $95,000 and that "[a] State of Minnesota snow plow * * contributed to causing the accident." In a split decision, the arbitrators deducted the amount of insurance coverage available to the Manfred vehicle only and arrived at the following award:

Viola Koranda:

| Damages | $185,000 |
| Less: Coverage (Manfred) | 25,000 |
| Award | $160,000 |

Richard Koranda:

| Damages | $ 95,000 |
| Less: Coverage (Manfred) | 25,000 |
| Award | $ 70,000 |

The dissenting member of the panel believed that Austin Mutual was entitled to a deduction of $125,000 (the Manfred and State policies combined).

Austin Mutual moved to vacate and/or modify the award on grounds that the arbitrators exceeded their powers and that the award was directly contrary to the language of the applicable policy. The trial court concluded that grounds for modification of the award did not exist under Minn. Stat. § 572.20 (1984) and that Austin Mutual was not entitled to vacate the award under Minn.Stat. § 572.19 (1984). In confirming the arbitration award, the trial court additionally noted that the Koranda policy excluded government owned vehicles from underinsurance coverage and that Austin Mutual's position would thwart the policy behind underinsurance coverage.

## ISSUE

Did the trial court err in confirming the arbitration award?

## ANALYSIS

*Scope of Review*

The trial court determined that in this case the arbitration award must be confirmed unless the arbitrators clearly exceeded their powers, one of the grounds for vacation of an award under Minn.Stat. § 572.19, subd. 1 (1984). Its memorandum contains the following quote from *Grudem Brothers Co. v. Great Western Piping Corp.*, 297 Minn. 313, 213 N.W.2d 920 (1973):

> The arbitrators make the final determination of all questions submitted to them whether legal or factual. The court will not overturn these conclusions even if it believes the arbitrators made an incorrect conclusion.

*Id.* at 316–17, 213 N.W.2d at 922–23.

Austin Mutual contends that this standard is far too limited when "[t]he only question was whether the arbitrators had properly construed the insurance contract and the Minnesota no-fault laws as they relate to the exhaustion clause of Austin Mutual's Underinsurance Motorist Cover-

age (UIM)."[1] In Austin Mutual's view, since the arbitrators' decision involved an interpretation of law, it was not binding on the trial court if erroneous. Alternately, Austin Mutual argues that even if this standard is proper, the arbitrators' refusal to deduct the liability limits of the State policy, despite a finding that the operator of the State vehicle "contributed to causing the accident," constituted action clearly in excess of their powers. Finally, Austin Mutual asserts that *this* court need not defer to either the trial court or the arbitration panel since the extent of coverage under the policy presents a question of law.

Austin Mutual's analysis of the applicable standards of review is flawed in several respects. Nonetheless, it illustrates the complexity of this procedural issue and the desirability of further delineation.

■ It is well established that an arbitration award "will be vacated only upon proof of one or more of the grounds stated in Minn.Stat. § 572.19 * * * and *not because the court disagrees with the decision on the merits." AFSCME Council 96 v. Arrowhead Regional Corrections Board,* 356 N.W.2d 295, 299–300 (Minn. 1984) (footnote omitted) (emphasis added). Thus, the applicable standard of review derives from the grounds upon which a party seeks to vacate the award.

1. *Arbitrability or Merits of the Decision*

■ One basis for appeal to the district court is arbitrability or the power of a tribunal to hear the matter before it. When the issue of arbitrability is raised, the Uniform Arbitration Act authorizes a party to seek judicial relief either in proceedings to compel arbitration under Minn. Stat. § 572.09, or after an arbitration award to seek relief in proceedings to vacate the award under Minn.Stat. § 572.19, subd. 1(3) on the ground that the "arbitrators exceeded their powers." *State v. Berthiaume,* 259 N.W.2d 904, 909 (Minn.1977). To effectuate the intent of the uniform act,[2] the supreme court has held that when arbitrability of a coverage question is raised, the intention of the parties as ascertained from the language of the arbitration agreement controls. If the intention of the parties as to the scope of a provision is "reasonably debatable," the arbitrator should resolve the entire dispute, subject to the right of judicial review. *Rosenberger v. American Family Mutual Life Insurance Co.,* 309 N.W.2d 305, 308 (Minn.1981) (*citing Dunshee v. State Farm Mutual Automobile Insurance Co.,* 303 Minn. 473, 483–84, 228 N.W.2d 567, 573 (1975)); *Layne-Minnesota Co. v. Regents of the University,* 266 Minn. 284, 291, 123 N.W.2d 371, 376–77 (1963).

Thus, if the arbitrators find "that the dispute is not arbitrable, or the converse, but [decide] the merits to the satisfaction of the objecting party, the result will be accepted without resort to the courts." *Berthiaume,* 259 N.W.2d at 909. If, however, the matter is deemed arbitrable and decided on the merits in a manner adverse to the objecting party, that party has a

---

**1.** The Korandas initially argued that this appeal should be dismissed because Austin Mutual failed to introduce a copy of the underinsurance policy into evidence either at the arbitration or the trial court level and thus did not properly preserve interpretation of the "exhaustion clause" for appellate review. Although our decision in this case renders it unnecessary to examine the merits of Austin Mutual's claim, we note that the Korandas' argument is erroneous. Minn.R.Civ.App.P. 110.01 provides that the *"papers filed in the trial court, the exhibits,* and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." *Id.* (emphasis supplied). In its motion to vacate and/or modify the arbitration award, Austin Mutual specifically refers to the policy which it attached as an exhibit. Under rule 110.01, the policy is therefore a part of the record on appeal.

**2.** In *State v. Berthiaume,* 259 N.W.2d 904 (Minn. 1977), the supreme court recognized that the basic intent of the Uniform Arbitration Act is to "discourage litigation and to foster speedy, informal, and relatively inexpensive procedures for the voluntary resolution of disputes in a forum created, controlled, and administered by the written arbitration agreement." *Id.* at 909 (*quoting Dunshee v. State Farm Mut. Auto Ins. Co.,* 303 Minn. 473, 481, 228 N.W.2d 567, 572 (1975)).

remedy in the courts by virtue of Minn. Stat. § 572.19. *See Berthiaume,* 259 N.W.2d at 909.

■ When vacation of an arbitration award is grounded in arbitrability, the district court's review of this issue is de novo:

Where arbitrability is raised in proceedings to vacate an award on a claim that the arbitrator exceeded his authority [in deciding the merits of the dispute] * * * *the proceeding is de novo,* evidence in addition to that presented to the arbitrator may be received, and the objecting party has the burden of proving the invalidity of the award.

*Berthiaume,* 259 N.W.2d at 909 (emphasis supplied). *See United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66, 69 (Minn.1978).

In contrast to the issue of arbitrability, when an issue is raised with respect to the merits of an arbitrator's decision, it is well-settled that:

[A]n arbitrator, in the absence of any agreement limiting his authority, *is the final judge of both law and fact, including the interpretation of the terms of any contract,* and his award will not be reviewed or set aside for mistake of either law or fact in the absence of fraud, mistake in applying his own theory, misconduct, or other disregard of duty. *An award will not be set aside merely because the court thinks the arbitrators erred either as to the law or the facts.*

*Cournoyer v. American Television and Radio Co.,* 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957) (footnotes omitted) (emphasis supplied). *See Fischer v. Guaranteed Concrete Co.,* 276 Minn. 510, 515, 151 N.W.2d 266, 270 (1967).

### 2. *Procedural Implications of the Arbitrability/Merit Distinction*

■ In the present case, the issue of arbitrability was never raised before the arbitration panel or the district court. (*Cf. Fruchtman,* 263 N.W.2d at 69) (underinsurance carrier agreed to submit entire controversy over coverage, including issues of fault and damages, to arbitration but expressly reserved right to challenge arbitrability of coverage issues in judicial proceeding under to Minn.Stat. § 572.19); *Rosenberger,* 309 N.W.2d at 308–09 (insured was not estopped from contesting arbitrability of a coverage question when the issue was not raised before the arbitration panel but rather for the first time to the district court).

Austin Mutual expressly acknowledges in its brief that it agreed to submit all legal issues relating to coverage to the arbitration panel: "At the outset of the arbitration, Austin Mutual advised the arbitrators that it claimed a right to have all applicable liability policies added together to form a threshold before an award of UIM benefits would be payable." The arbitrator's conclusion of law incorporates this understanding of the parties:

The legal issue presented to the arbitration panel was whether the underinsured motorist carrier, Austin Mutual * * *, would be entitled to a liability credit of $25,000.00 (Manfred policy only) or $125,000.00 (Manfred policy and policy covering State of Minnesota) as against the total damages found in each claim.

Unlike *Fruchtman,* Austin Mutual did not proceed with express reservation of its right to challenge arbitrability, nor did it raise the issue of arbitrability for the first time to the district court as in *Rosenberger.* Instead, it proceeded to arbitration with the understanding that all issues pertaining to coverage would be decided by the panel. The district court thus acted properly in adopting a limited scope of review. As stated in *Layne-Minnesota:*

If parties voluntarily agree to submit disputes to arbitration, the arbitration process should go forward unimpeded by judicial interference. Where the process has failed to dispose of the controversy, the rights of the parties to litigate the *issue of arbitrability* is not only unimpaired but both the court and the parties will be immeasurably aided by what has occurred.

*Layne-Minnesota,* 266 Minn. at 293, 123 N.W.2d at 377 (emphasis supplied).

For similar reasons, we reject Austin Mutual's claim that de novo review by *this* court is appropriate. Adoption of such a standard of review would circumvent the rationale behind the Uniform Arbitration Act of discouraging litigation and providing an expeditious and inexpensive forum for resolution of disputes. Accordingly, even if we found merit to Austin Mutual's claim that the operator of the state-owned snow plow was causally *negligent*, and had not simply "contributed to causing" the accident as the arbitrators found, we would not interfere with the arbitration award. When, as here, the parties agree to submit all matters of law and fact to arbitration, including interpretation of the applicable contract provisions, the arbitrators' decision is final and will not be set aside even if a reviewing court believes the decision erroneous.

## DECISION

The district court did not err in confirming the arbitration award.

Affirmed.