ART GOEBEL, INC., d/b/a Art Goebel Ford, Appellant,

v.

ARKAY CONSTRUCTION CO., et al., Vidco, Inc., Anchor Block Company, Respondents.

No. CX–88–2162.

Court of Appeals of Minnesota.

March 21, 1989.

Gerald M. Randall, Randall, Dehn & Goodrich, Anoka, for Art Goebel, Inc., d/b/a Art Goebel Ford, appellant.

Joseph L. Abrahamson, Minneapolis, for Arkay Const. Co., et al., respondents.

Robert H. Peterson, Minnetonka, Brian A. Wood, Rider, Bennett, Egan & Arundel, Minneapolis, for Vidco, Inc., respondent.

Markcus M. Baukol, II, Baukol, Nyberg, Crowley & Thompson, Golden Valley, for Anchor Block Co., respondent.

Heard, considered and decided by RANDALL, P.J., and SHORT and SCHULTZ *, JJ.

## OPINION

SHORT, Judge.

Following an arbitration award, the trial court granted summary judgment against appellant's district court claims.

## FACTS

In 1979, appellant Art Goebel, Inc. contracted with general contractor Arkay Construction Co. (Arkay) for construction of a new building. Arkay subcontracted with respondent Vidco, Inc. for the masonry work; Vidco purchased concrete blocks from respondent Anchor Block Co. (Anchor).

Two years after completion, Anchor was required to perform cosmetic repair on the building due to faulty blocks. Two years later it was discovered that this repair was not permanent; appellant therefore brought suit against all three respondents.

The trial court stayed its proceedings pending the outcome of compulsory arbitration between appellant and Arkay; Vidco voluntarily joined the arbitration. In the memorandum accompanying the stay, the trial court noted:

> [T]he arbitration will settle the total amount of loss, if any, to the [appellant], leaving to this court if indemnity is sought, only to determine the proportionate liability, if any, of the unbound party.

Anchor was not contractually required to submit to arbitration and refused to participate.

In settlement of all claims submitted, the arbitrator ordered Vidco to pay appellant $2,593, an amount allegedly representing the present value of the cost of future repairs. In a one-line memorandum, the arbitrator found Anchor (not Vidco) to be the negligent party.

Appellant accepted payment from Vidco and did not appeal the arbitration award. Upon appellant's motion to lift the stay and Anchor's motion for summary judgment, the court granted an appealable partial summary judgment, finding appellant collaterally estopped from litigating damage issues against Anchor.

## ISSUE

Did the trial court err in granting partial summary judgment?

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

## ANALYSIS

In reviewing summary judgment, this court must determine whether there exist any genuine issues of material fact, and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn. 1979). This court views the evidence in a manner most favorable to the nonmoving party and gives that party the benefit of all reasonable inferences to be drawn from the underlying facts. *Vacura v. Haar's Equipment, Inc.*, 364 N.W.2d 387, 391 (Minn.1985).

### I.

 Appellant argues that whether the arbitrator considered the possible diminution in value of the building, due to permanent injury, is a genuine issue of material fact precluding summary judgment. We disagree. Because the arbitration award was not appealed, the issue of whether certain evidence was presented and considered by the arbitrator is not properly before this court. *See Mattsen v. Packman*, 358 N.W.2d 48, 50 (Minn.1984). The arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact. *State, by Sundquist v. Minnesota Teamsters Public & Law Enforcement Employees Union Local No. 320*, 316 N.W.2d 542, 544 (Minn. 1982) (quoting *Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957)).

This case is similar to a case in which a successful party in conciliation court attempted to sue for greater damages in district court:

> A judgment on the merits constitutes an absolute bar to a second suit * * * not only as to every * * * matter which was actually litigated, *but also as to every matter which might have been litigated.*

*Mattsen*, 358 N.W.2d at 49 (emphasis added) (quoting *Hauser v. Mealey*, 263 N.W.2d 803, 807 (Minn.1978). Appellant's claim for damages resulting from construction was litigated in the arbitration proceeding. Whether the arbitrator considered the dimi-

nution evidence is irrelevant and not a material fact issue.

### II.

Appellant also argues that the trial court erred in applying the doctrine of collateral estoppel to appellant's district court claims against Anchor.

Whether collateral estoppel is available is a mixed question of law and fact subject to de novo review; once it is determined that collateral estoppel is available, the decision to apply the doctrine is left to the trial court's discretion.

*Regents of the University of Minnesota v. Medical Inc.*, 382 N.W.2d 201, 207 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Apr. 18, 1986), *cert. denied* 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986) (citing *United States v. Geophysical Corp. of Alaska*, 732 F.2d 693, 697 (9th Cir.1984)).

### (A) *Availability of Collateral Estoppel.*

 The availability of the doctrine in the arbitration context has never been decided by a Minnesota appellate court. In *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608 (Minn.1988), the supreme court indicated its willingness to apply the doctrine in the appropriate fact situation, but noted it would not reach the issue there because it found that the facts of the case did not "support estoppel in any event." *Id.* at 613. The court noted that estoppel has been applied to other informal proceedings, such as conciliation court. *See Mattsen*, 358 N.W.2d at 50. Furthermore, although estoppel depends on a judgment, exceptions to that rule are recognized where the parties have acquiesced in the outcome. *See Ellis v. Minneapolis Commission on Civil Rights*, 319 N.W.2d 702, 704 (Minn.1982). In our opinion, appellant acquiesced in the arbitration award by accepting the damages from Vidco and refraining from appeal. This is an appropriate factual context to apply the doctrine.

### (B) *Application of Collateral Estoppel.*

[Collateral estoppel] applies where (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was

a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

*Johnson,* 420 N.W.2d at 613 (citing *Ellis,* 319 N.W.2d at 704). Collateral estoppel is not rigidly applied; "[a]s a flexible doctrine, the focus is on whether its application would work an injustice on the party against whom estoppel is urged." *Johnson,* 420 N.W.2d at 613–14 (citing *Jeffers v. Convoy Co.,* 636 F.Supp. 1337, 1339 (D.Minn.1986)).

Appellant contends the application of collateral estoppel was improper because (1) issues in the district court action differed from those in the arbitration proceeding; and (2) appellant was not given a full and fair opportunity to present its claims.

As to the identity of issues, appellant alleges the issues differ because the arbitration proceeding was based on a breach of contract cause of action, while the district court claims are based on negligence and breach of warranty. However, this distinction is irrelevant:

> The doctrine of collateral estoppel applies when it affirmatively appears that the issue involved has already been litigated * * * *even though based upon a different cause of action* * * *.

*Anderson v. Mikel Drilling Co.,* 257 Minn. 487, 491, 102 N.W.2d 293, 297 (1960) (emphasis added); *see also Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Mattsen,* 358 N.W.2d at 49. We find that appellant had its "day in court" on the damage issue, and that it need not be litigated again. *See Wessling v. Johnson,* 424 N.W.2d 795, 799 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. July 28, 1988).

As to a full and fair opportunity to present its case, appellant argues that Anchor's absence from the arbitration bars Anchor's use of the arbitration proceedings to its benefit. However, Minnesota has not recognized the strict rule of mutuality advocated by appellant. *See Lustik v. Rankila,* 269 Minn. 515, 519, 131 N.W.2d 741, 744 (1964). This view prevails across the country. *See Parklane,* 439 U.S. at 328, 99 S.Ct. at 650.

Appellant's reliance on *Johnson* to support its lack of mutuality argument is misplaced. In that case, the court held that an insurance arbitration proceeding afforded neither party a "full and fair" opportunity to litigate comparative fault because the arbitrator's decision was based on only part of the pertinent facts and parties. 420 N.W.2d at 614. The arbitrators allocated 80 percent of the fault to an unknown person and 20 percent to the victim. *Id.* at 613. By contrast, the arbitrator here was aware of the identity and activity of the missing party. In addition, Anchor admits liability. Appellant complains of the lack of discovery and formal trial procedures in the arbitration proceeding, yet fails in any manner to specify how these limitations encumbered its ability to fully present its position. *See Ellis,* 319 N.W.2d at 704. In our view, the trial court did not err in determining that appellant was given a "full and fair" opportunity to present evidence of its damage.

## DECISION

The trial court properly granted partial summary judgment due to the application of collateral estoppel.

AFFIRMED.