David MORRISON, et al., Appellants,

v.

NORTHERN STATES POWER COMPANY, et al., Respondents,

and

Northern Resource Conversion Company, Inc., Nominal Defendants.

No. C9–92–827.

Court of Appeals of Minnesota.

Nov. 3, 1992.

Review Denied Jan. 15, 1993.

---

John A. Cochrane, Patrick C. Smith, Cochrane & Bresnahan, P.A., St. Paul, for appellants.

William Z. Pentelovitch, Charles A. Hoffman, Maslon, Edelman, Borman & Brand, Minneapolis, for respondents.

Considered and decided by SCHUMACHER, P.J., and PARKER and DAVIES, JJ.

## OPINION

DAVIES, Judge.

An arbitration panel awarded damages to appellants, but denied their claim for attorney fees. The award was based on a contract which included a provision entitling the prevailing party to legal fees. The district court denied appellants' motion to vacate and modify the portion of the arbitrators' award relating to attorney fees. We affirm.

## FACTS

In 1986, the founders of Northern Resource Conversion Company, Inc. ("Northern Resource"), sold 50 percent of their interest in the company to respondent NORENCO Corporation ("NORENCO"), a wholly-owned subsidiary of respondent Northern States Power Company ("NSP"). Paragraph 10.12 of the investment agreement fixing the terms of this sale provided that either Northern Resource or NORENCO could request arbitration if a dispute arose. A separate paragraph of the agreement stated that in any legal action or other proceeding, "the successful or prevailing party or parties shall be entitled to recover reasonable attorneys' fees."

A year later, NORENCO obtained control of Northern Resource and sold its assets to make a partial payment to creditors. Northern Resource's founders, investors,

and one of its creditors, appellants herein, believing they were damaged by this sale, brought suit against NORENCO, NSP, and the NORENCO project manager, respondents. Respondents moved to arbitrate the dispute, pursuant to the investment agreement, and both sides stipulated to a November 20, 1989, district court order directing the parties into arbitration.

The arbitrators awarded appellants $408,151.28 in damages. The award also provided that "[a]ll parties are responsible for their own legal and other costs." Appellants filed a post-award petition with the arbitrators for costs and attorney fees. The arbitrators, responding to this petition, ruled unanimously that they had "no jurisdiction to decide further issues raised by the parties." One arbitrator, nonetheless, indicated that he would have awarded attorney fees if jurisdiction had survived. Appellants then moved the district court to vacate and modify the portion of the arbitrators' decision pertaining to attorney fees. On March 17, 1992, the court denied their motion, stating that the issue had been "properly before the arbitrators" because the stipulated court order defining the scope of the arbitration should be broadly construed. This appeal followed.

## ISSUE

Is the attorney fee issue open for judicial determination after arbitration of "all disputes" between the parties?

## ANALYSIS

■ A district court's power to modify or vacate an arbitration award is defined by the Uniform Arbitration Act. Minn. Stat. §§ 572.08–.30 (1990 & Supp.1991); *International Union of Elec. Workers v. Portec, Inc.*, 303 Minn. 341, 343–44, 228 N.W.2d 239, 241 (1975). When a party disputes the arbitrability of a particular issue, the district court's review is de novo. *Koranda v. Austin Mut. Ins. Co.*, 397 N.W.2d 357, 361 (Minn.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). The burden of proving nonarbitrability is on the objecting party. *Id.* On appeal, this court independently determines whether the dis-

trict court correctly interpreted the arbitration agreement. *Michael–Curry Cos. v. Knutson Shareholders Liquidating Trust*, 449 N.W.2d 139, 141 (Minn.1989).

Appellants dispute the district court's holding that the November 20, 1989, order for arbitration governed the scope of arbitration, arguing that paragraph 10.12 of the investment agreement defined the scope.

The court order, which was stipulated to by the parties, submitted to arbitration

all disputes of any kind or nature between the parties arising out of their investment in, or their involvement with, Northern Resource.

The Minnesota Supreme Court has stated:

Where * * * a case is submitted to arbitration by order of a court, the scope of the issues submitted is controlled by the court's order. Although generally only the subject matter of the suit is submitted, anything in the order, or included in a stipulation of the parties, will be before the arbitrator.

*Latenser v. John Latenser & Sons, Inc.*, 347 N.W.2d 486, 490 (Minn.1984) (citations omitted).

■ Before the district court issued its order, appellants requested that the arbitration encompass all issues set forth in the complaint. Appellants' complaint contained a request for an award of costs and attorney fees. When parties voluntarily stipulate to an order to arbitrate, "it is fair to hold [them] to a broad reading of [the] scope." *Id.* at 491.

■ Though appellants also requested that the court retain jurisdiction over issues "peculiarly decidable" by the court, they made no reference to attorney fees. Under these circumstances, and given the broad wording of the district court's order, appellants fail in their burden to show that the question of attorney fees was not an arbitrable issue under the court order.

If, rather than instead of being based on the court order, arbitration were based on the investment agreement, arbitrability would be determined "by ascertaining the

intention of the parties through examination of the language of the arbitration agreement." *Michael–Curry,* 449 N.W.2d at 141.

Appellants correctly assert that arbitration was provided for by paragraph 10.12 of the investment agreement. They argue erroneously, however, that paragraph 10.13, awarding costs and attorney fees to the prevailing party, was a separate and distinct contractual agreement which was not subject to the arbitration clause. We view paragraph 10.13 as establishing a substantive right for the prevailing party. This, then, is a right which could be vindicated through an arbitration award under paragraph 10.12, just as could all other substantive rights arising under the investment agreement.

Thus, costs and attorney fees are subject to arbitration whether arbitrability is determined by the court order or by the investment agreement.

■ Once arbitrability is established, the standard of review narrows sharply. An arbitrator is the final judge of law and fact with respect to the merits of the dispute. *Metropolitan Airports Comm'n v. Airports Police Fed'n,* 443 N.W.2d 519, 524 (Minn.1989). An arbitrator's award "will not be reviewed or set aside for mistake of either law or fact." *Cournoyer v. American Television & Radio Co.,* 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957). In upholding the award, the district court cited *Taranow v. Brokstein,* 135 Cal.App.3d 662, 185 Cal.Rptr. 532, 535 (1982):

> We may, and do, therefore presume that extrinsic evidence was adduced before the arbitrator as to the meaning placed by the parties upon the attorney's fee provision of their contract. In such an event a reviewing court may not impair the arbitrator's determination of the issue.

We find this reasoning persuasive.

■ Appellants twice submitted a request for attorney fees to the arbitration panel itself. As arbitrators, we might have ruled differently. But, the district court correctly denied appellants' motion to vacate or to modify the arbitrators' decision.

We note the dissent's concern that the decision here may have a "chilling effect" on the use of arbitration. We think our ruling will have no greater negative effect than any other case in which a court defers to an arbitration decision that might be perceived as misguided.

## DECISION

The question of attorney fees is arbitrable, and we defer to the decision of the arbitrators.

Affirmed.

SCHUMACHER, Judge (dissenting).

I respectfully dissent. When the arbitrators' award draws its essence from the parties' agreement, the interpretation must in some rational manner be derived from the agreement. *Littfin Lumber Co. v. Fasching,* 436 N.W.2d 791, 795 (Minn.App. 1989) (citing *Ramsey County v. American Fed'n of State, County & Mun. Employees, Local 8,* 309 N.W.2d 785, 792 (Minn. 1981)). Paragraph 10.13 of the investment agreement provides as follows:

> If any legal action or other proceeding is brought for the enforcement of this Agreement, or because of an alleged dispute, breach, default or misrepresentation in connection with any of the provisions of this Agreement, the *successful or prevailing party* or parties shall be entitled to recover reasonable attorneys' fees and other costs incurred in that action or proceeding, in addition to any other relief to which it or they may be entitled.

(Emphasis added.) The unambiguous language of the investment agreement entitles the successful or prevailing party in any action to costs and attorney fees. This provision is a fixture of the parties' agreement with no relation to the nature and extent of the underlying dispute.

After deciding the merits of the dispute, the arbitrators were required by this separate provision of the investment agreement to award attorney fees to the successful or prevailing party. Instead, they chose to ignore this provision. If upheld, this disre-

gard of the parties' rights will have a chilling effect on the use of arbitration clauses in contracts. The arbitrators' decision to ignore these rights represents an infidelity to the essence of the investment agreement. *See Ramsey County,* 309 N.W.2d at 790 (citing *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960)). I would remand this issue to the district court for determination of the appropriate amount of costs and attorney fees.