**In the Matter of the Arbitration Between: KENNEDY, MATTHEWS, LANDIS, HEALY & PECORA, INCORPORATED, Petitioner (and Cross–Respondent), Appellant,**

v.

**Michael A. YOUNG, Respondent.**

No. CX–94–1294.

Court of Appeals of Minnesota.

Dec. 13, 1994.

Kennedy, Matthews, Landis, Healy & Pecora, Incorporated, pro se.

Mark J. Briol, Gregory L. Wilmes, Briol & Wilmes, Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and SCHUMACHER and JONES, JJ.

## OPINION

JONES,* Judge.

Appellant Kennedy, Matthews, Landis, Healy & Pecora, Inc., challenges the district court's confirmation of an arbitration panel's award of punitive damages on the grounds the arbitration panel exceeded its powers. Appellant also asserts the district court improperly awarded postjudgment interest pursuant to Minn.Stat. § 334.01 (1981).

We affirm in part, reverse in part and remand.

## FACTS

Respondent Michael Young purchased stock in a company named Bioplasty, Inc. between June 1990 and November 1991 from Donald Johnson (Johnson), a stockbroker. Johnson was employed by Van Clemens & Co., Inc. (Van Clemens) and subsequently, by appellant Kennedy, Matthews, Landis, Healy & Pecora, Inc. (Kennedy). In 1992, respondent acquired shares in Bio–Manufacturing, Inc., due to a merger with Bioplasty, Inc. Both companies filed for reorganization under chapter 11 in 1993. On May 18, 1993, after the stocks had performed poorly, respondent filed an arbitration complaint against Johnson, Van Clemens and Kennedy. The parties each signed a "Uniform Submission Agreement" (arbitration agreement) agreeing to submit respondent's claim to binding arbitration conducted under the rules and regulations of the National Association of Securities Dealers (NASD), a federal self-regulatory organization of stock broker-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

age firms. Respondent's claim requested, among other relief, punitive damages.

The arbitration panel found Kennedy, Van Clemens, and Johnson jointly and severally liable for $70,000 in compensatory damages. The panel also found Kennedy solely liable for $100,000 in punitive damages. Following the panel's award, Kennedy filed a motion with the district court to vacate the punitive damage award on the grounds the arbitration panel exceeded its power. The district court confirmed the award and awarded post-judgment interest at the rate of 6% per year pursuant to Minn.Stat. § 334.01, subd. 1 (1981). This appeal followed.

## ISSUES

1. Does an arbitration panel exceed its powers when it awards punitive damages?

2. Did the trial court err in awarding postjudgment interest pursuant to Minn.Stat. § 334.01?

## ANALYSIS

### Standard of Review

"An arbitration award 'will be vacated only upon proof of one or more of the grounds stated in Minn.Stat. § 572.19.'" *Pirsig v. Pleasant Mound Mut. Fire Ins. Co.*, 512 N.W.2d 342, 343 (Minn.App.1994) (quoting *AFSCME Council 96 v. Arrowhead Regional Corrections Bd.*, 356 N.W.2d 295, 299 (Minn. 1984)). Minn.Stat. § 572.19 (1992) states in part:

Subdivision 1. Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause * * *; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings * * *.

But the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

■ Once the arbitration panel is found to have the requisite authority to decide a case, its "rulings on questions of law and fact are entitled to respect." *Eide v. State Farm Mut. Auto. Ins. Co.*, 492 N.W.2d 549, 554 (Minn.App.1992) (citing *Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409, 411 (1957)). "The appellate court sits in the same position as the trial judge in determining questions of law." *Knut. Co. v. Knutson Constr. Co.*, 433 N.W.2d 149, 151 (Minn.App.1988), *aff'd*, 449 N.W.2d 143 (Minn.1989). "The scope of the arbitrators' powers is a matter of contract to be determined from a reading of the parties' arbitration agreement." *State v. Minnesota Ass'n of Prof. Employees*, 504 N.W.2d 751, 755 (Minn.1993) (quoting *Children's Hosp., Inc. v. Minnesota Nurses Ass'n*, 265 N.W.2d 649, 652 (Minn.1978)).

### 1. Arbitrators' Power

Kennedy argues that the arbitration panel exceeded its powers (1) by hearing the punitive damage claim, and (2) because the arbitration panel had no authority to award punitive damages.

Because this case involves the sale of securities, a matter of interstate commerce, the impact of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, on Minnesota arbitration law is of concern. The seminal case describing the role of the FAA in relation to state law is *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989). In *Volt*, the issue before the U.S. Supreme Court was whether the FAA preempted state arbitration law. The federal policy behind the FAA, according to the Court, is to ensure that agreements to arbitrate are enforceable

in all courts and treated like other contracts. *Id.* at 474, 109 S.Ct. at 1253. The Court held that because the FAA contained no language indicating congressional intent to occupy the entire field of arbitration, state law provisions should apply unless state law conflicts with the FAA and "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 477, 109 S.Ct. at 1255 (quoting *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)).

■ Minnesota law is consistent with the policy behind the FAA. Like the FAA, Minnesota law favors arbitration. *Lucas v. American Family Mut. Ins. Co.*, 403 N.W.2d 646, 647 (Minn.1987). Consistent with the FAA, "contract law principles clearly apply to agreements" to arbitrate. *Id.* at 648. And a reviewing court refers to the arbitration agreement to define the extent of an arbitrator's authority. *Eide*, 492 N.W.2d at 554. Minnesota law, therefore, applies to this case.

■ The parties' arbitration agreement reflects that they agreed to submit respondent's claim, including the issue of punitive damages, which occupied four pages of the complaint, to arbitration. The parties also agreed to be bound by the results. The arbitration agreement states:

> The undersigned parties hereby submit the present matter in controversy, as set forth in the attached statement of claim * * * to arbitration.
>
> * * * The undersigned parties further agree to abide by and perform any awards rendered pursuant to this agreement.

The arbitration agreement is valid, enforceable and irrevocable just as any other contract. Minn.Stat. § 572.08 (1992) provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, en-

forceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

Having agreed to submit to arbitration respondent's claim, including the issue of punitive damages, appellant cannot now assert that the panel exceeded its authority by hearing the very issue appellant asked it to hear.

■ Appellant next contends that the arbitration panel exceeded its authority in awarding punitive damages because Minnesota law does not allow the award of punitive damages in arbitration proceedings. Apparently, appellant is arguing that even if the issue was actually submitted to the panel, the panel had no authority to award punitive damages. The statutes and caselaw do not support appellant's position. Minnesota law authorizes punitive damages in civil actions "upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." Minn.Stat. § 549.20, subd. 1(a) (1992). Additionally, the rules of the NASD, which the parties agreed would govern, do not preclude punitive damages.

■ However, even if the arbitrators had erred as a matter of law, "no statutory or case law authority exists giving the district court jurisdiction to vacate an award because the arbitrator(s) made an error of law." *Lucas*, 403 N.W.2d at 649. Because the arbitration agreement contains no limitations on the arbitration panel's authority to award punitive damages, and the claim of punitive damages was submitted to the panel, the district court did not err in confirming the award and the parties are bound by the results. *Minnesota Ass'n of Prof. Employees*, 504 N.W.2d at 755.

■ Appellant also argues that he was denied the procedural protections afforded by Minn.Stat. § 549.20 concerning review of punitive damage awards. "[J]ust as the constitutional guarantees of due process do not control private arbitration proceedings, judi-

cial enforcement of an arbitrator's punitive damage award need not as a matter of due process, include judicial review of the merits of the award" where the "substantive grounds for vacating * * * an arbitration award extend only to whether the arbitrator exceeded his powers," a determination which does not address the validity of the award. *Rifkind & Sterling, Inc. v. Rifkind,* 28 Cal. App.4th 1282, 33 Cal.Rptr.2d 828, 829, 832–33 (1994).

### 2. Postjudgment Interest

■ Finally, appellant correctly asserts that the district court erroneously relied on Minn.Stat. § 334.01 in awarding post-judgment interest of 6%. The district court should have relied on Minn.Stat. § 549.09, which governs for the calculation of interest on verdicts and judgments. Currently, that rate is 3%, but it is subject to change every December according to one-year treasury bill rates. Minn.Stat. § 549.09, subd. 1(c).

### DECISION

The district court did not err in confirming the arbitration panel's award of punitive damages against Kennedy and that order is affirmed. However, the district court erred in its reliance on Minn.Stat. § 334.01 for the award of postjudgment interest; the order is reversed in that respect and remanded for recalculation of postjudgment interest.

**Affirmed in part, reversed in part and remanded.**