NORTHWEST MECHANICAL, INC., petitioner, Appellant,

v.

The PUBLIC UTILITIES COMMISSION OF the CITY OF VIRGINIA, Minnesota, Respondent.

No. 49165.

Supreme Court of Minnesota.

Aug. 24, 1979.

Smith, Currie & Hancock and Patrick A. Thompson, Atlanta, Ga., Hanft, Fride, O'Brien & Harries and Tyrone P. Bujold and John D. Kelly, Duluth, for petitioner, appellant.

Jerry H. Ketola, City Atty., Virginia, for respondent.

Heard before SHERAN, C. J., SCOTT and MAXWELL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

This is an appeal by Northwest Mechanical, Inc. ("Northwest") from the orders of the District Court of St. Louis County denying its petition to vacate an arbitration award issued in a contract dispute with the Public Utilities Commission of the City of Virginia ("Commission") and confirming the award. We reverse.

In 1975, the Commission contracted with Northwest for the installation of piping in a power plant to be located in Virginia. The project was delayed through the fault of neither Northwest nor the Commission, and Northwest's costs were increased. A dispute arose over the amount to be added to Northwest's contract, and it was agreed the matter would be submitted to arbitration pursuant to the arbitration clause of the contract. The arbitration clause provided that each of the parties would select one arbitrator, and these two would select a third.

Northwest chose James A. Loosen, the Commission selected John D. Lenci, and these two then chose Robert F. Berger. On January 12, 1978, the arbitrators made their award to Northwest. Berger and Lenci concurred in the award; Loosen dissented.

After the award was made, Northwest began to investigate the business relationships between Lenci and Berger and the City of Virginia. A number of connections were discovered which formed the basis of this suit. Specifically, Northwest has presented evidence that Lenci is the president of one corporation and a member of the board of directors of another that in the two years prior to the arbitration performed substantial construction work under contract for the City of Virginia, and Berger represented the City of Virginia in at least four cases in the ten years preceding the arbitration.[1] Though Lenci's past membership on the predecessor to the Commission and his company presidency were acknowledged in a letter to Loosen prior to the arbitration, there is no evidence that these connections were disclosed to Northwest.

The trial court found these contacts insufficient to overturn the award, and this appeal followed.

We note at the outset that these relationships are neither uninterrupted nor of a magnitude making bias inevitable. Indeed, one could hardly expect any less interrelationship in a city the size of Virginia. Nor is there any claim of fraud or attempted concealment or any challenge to the merits of the award. Nonetheless, because of the following circumstances we believe *Commonwealth Coatings Corp. v. Continental Casualty Co.*, 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968), to which we accede, applies to this case and requires reversal.

█ 1. Though two Minnesota entities are parties to this arbitration, the federal

---

1. Northwest, in addition, has presented evidence of additional connections that appear to us irrelevant. These include the activities of Lenci's son and the relationship of Berger to the company headed by Lenci's son, Lenci's past membership on the predecessor to the Commission, and the representation by Berger's law firm of Virginia's liability insurance company.

arbitration statute, 9 U.S.C. § 1 et seq., applies to this case because construction materials for this project came from all over the country. *Electronic & Missile Facilities, Inc. v. U. S.,* 306 F.2d 554 (5th Cir. 1962), rev'd on other grounds, 374 U.S. 167, 83 S.Ct. 1815, 10 L.Ed.2d 818 (1963).

2. Though the Commission may have a legal status in some ways independent of the City of Virginia, in practical effect they are a single entity and contacts with the city must be considered dealings with the Commission.

3. The contacts between Berger and Lenci and the City of Virginia, even if not producing any actual prejudice, are "dealings that might create an impression of possible bias" as the phrase is used in *Commonwealth Coatings,* 393 U.S. 149, 89 S.Ct. 339, 21 L.Ed.2d 305.

4. These contacts were not disclosed to the parties as required by *Commonwealth Coatings.*

Reversed.

TODD, J., took no part in the consideration or decision of this case.