**EGAN & SONS COMPANY,**
**Respondent,**

v.

**MEARS PARK DEVELOPMENT**
**COMPANY, Appellant.**

No. C2–87–1321.

Court of Appeals of Minnesota.

Nov. 10, 1987.

Review Denied Jan. 20, 1988.

Sue Halverson, Thomas J. Vollbrecht, Hart, Bruner, O'Brien & Thornton, P.A., Minneapolis, for respondent.

Gerald L. Svoboda, Dean B. Thomson, Fabyanske, Svoboda, Westra, Holper & Davis, P.A., St. Paul, for appellant.

Heard, considered and decided by FORSBERG, P.J., and WOZNIAK and STONE *, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from an order vacating an arbitration award involving appellant Mears Park Development Company ("MPDC") and respondent Egan & Sons Company ("Egan"). In the order, the trial court found that arbitrator Mentor C. Addicks, Jr. ("Addicks") had failed to disclose to the parties a substantial relationship between himself, his former law firm, and The Boisclair Corporation ("Boisclair"). We affirm.

## FACTS

Boisclair is a general partner in MPDC. Addicks is a former associate of the Pepin, Dayton, Herman, Graham & Getts law firm ("Pepin firm"), which has provided long-standing and substantial services to Boisclair. In addition, Addicks himself performed work for Boisclair while at the Pepin firm, including lobbying efforts on the very project involved in the arbitration between Egan and MPDC. This information was never disclosed to Egan. The trial court ruled that Addicks' failure to disclose the relationships constituted "evident partiality" within the meaning of Minn.Stat. § 572.19, subd. 1(2) (1986), thereby requiring vacation of the arbitration award.

## ISSUE

Did the trial court err in vacating the arbitration award on the ground of the arbitrator's "evident partiality"?

## ANALYSIS

■ The Minnesota Arbitration Act, Minn.Stat. § 572.19 (1986) provides in relevant part as follows:

Subdivision 1. Upon application of a party, the court shall vacate an award where:

\* \* \* \* \* \*

(2) There was *evident partiality* by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party[.]

(Emphasis added.) The Federal Arbitration Act similarly provides for vacation of an arbitration award "[w]here there was *evident partiality* or corruption in the arbitrators, or either of them." 9 U.S.C.A. § 10(b) (West 1970) (emphasis added).

In *Northwest Mechanical, Inc. v. Public Utilities Commission of City of Virginia,* 283 N.W.2d 522, 524 (Minn.1979), the supreme court held that impermissible contacts (or evident partiality) are dealings, even if not producing any actual prejudice, where such dealings "might create an impression of possible bias" as the phrase is used in *Commonwealth Coatings Corp. v. Continental Casualty Co.,* 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). In a concurring decision in that case, the court said:

Of course, an arbitrator's business relationships may be diverse indeed, involving more or less remote commercial connections with great numbers of people. He cannot be expected to provide the parties with his complete and unexpurgated business biography. *But it is enough for present purposes to hold, as the Court does, that where the arbitrator has a substantial interest in a firm which has done more than trivial business with a party, that fact must be disclosed.*

*Id.* at 151–52, 89 S.Ct. at 340–41 (White, J., concurring) (emphasis added). In this case, there is no doubt that the Pepin firm had a substantial relationship with Boisclair, since Boisclair was a principal client of the firm. Moreover, Addicks performed legal services for Boisclair, some of which concerned the Galtier Plaza. This is sufficient to require disclosure by Addicks to Egan of that relationship.

■ MPDC also argues that Egan waived its statutory right to contest the

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

arbitration award. There is insufficient evidence in the record to sustain such a claim.

**DECISION**

Affirmed.