Edward PIRSIG, Appellant,

v.

PLEASANT MOUND MUTUAL FIRE
INSURANCE COMPANY,
Respondent.

No. C4–93–1636.

Court of Appeals of Minnesota.

March 1, 1994.

John C. Hottinger, Gislason, Dosland, Hunter & Malecki, Mankato, for appellant.

Jeffrey D. Gednalske, McLean Peterson Law Firm, Mankato, for respondent.

Considered and decided by SHORT, P.J., and HUSPENI and FOLEY\*, JJ.

## OPINION

FOLEY, Judge.

Edward Pirsig appeals from the district court's order denying his motion to vacate an arbitration award for evident partiality. We affirm.

## FACTS

Edward Pirsig made a claim on the Farmate insurance policy issued to him by respondent Pleasant Mound Mutual Fire Insurance Company after tools were stolen from his farm. A dispute arose over the value of the stolen tools, and the parties agreed to submit the dispute to a panel of appraisers pursuant to the terms of the policy.

After Pirsig and Pleasant Mound had each selected an appraiser, the two appraisers were to select a third, neutral appraiser. Pleasant Mound's appraiser, Thomas Tighe, sent Pirsig's selected appraiser, John Wagner, a list of potential neutral appraisers; Wagner selected three names from the list and asked Tighe to contact them and ask whether one would serve as the neutral appraiser. One of the three, Frederick Tasler, agreed to be the neutral appraiser, but explained he had no experience as a neutral appraiser. Tighe sent Tasler a pamphlet entitled "Settlement by Appraisal" and a list Pirsig had prepared of the stolen tools. Tighe later contacted Tasler a second time to arrange a date and time for the appraisal hearing. Wagner was informed of these contacts.

After the hearing, Tighe and Tasler agreed on a value of the stolen tools. Wagner, however, refused to sign the award because of the contacts between the other two appraisers. Pirsig moved the district court to vacate the appraisers' award. His motion was denied, and Pirsig appeals.

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

## ISSUE

Did the district court err in refusing to vacate the arbitration award for evident partiality?

## ANALYSIS

■ An arbitration award "will be vacated only upon proof of one or more of the grounds stated in Minn.Stat. § 572.19." *AFSCME Council 96 v. Arrowhead Regional Corrections Bd.*, 356 N.W.2d 295, 299 (Minn. 1984). The Uniform Arbitration Act, as adopted in Minnesota, requires that an arbitration award be vacated when there was "evident partiality by an arbitrator appointed as a neutral ..." Minn.Stat. § 572.19, subd. 1(2) (1992). The standard of review to be applied on appeal is derived from the ground asserted for vacation of the award. *Koranda v. Austin Mut. Ins. Co.*, 397 N.W.2d 357, 360 (Minn.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987).

■ Under the Federal Arbitration Act, when a party to an arbitration asserts that there was evident partiality by the neutral arbitrator, the district court must scan the record to see if it demonstrates evident partiality. *Health Servs. Management Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir.1992); *see* 9 U.S.C. § 10(b) (1982). The party challenging the award must establish facts that create a reasonable impression of partiality. *Toyota of Berkeley v. Automobile Salesmen's Union, Local 1095*, 834 F.2d 751, 756 (9th Cir.1987), *cert. denied*, 480 U.S. 945, 107 S.Ct. 1602, 94 L.Ed.2d 789 (1987). Whether the conduct challenged constitutes "evident partiality" is reviewed de novo. *See Northwest Mechanical, Inc. v. Public Utils. Comm'n, City of Virginia*, 283 N.W.2d 522, 524 (Minn.1979) (using de novo standard of review). Evident partiality is different from arbitrability. Arbitrability relates to the authority of the arbitrators to hear the matter before them. *Koranda*, 397 N.W.2d at 360–61. Evident partiality goes to the right of a party to have an arbitration hearing that is free from an appearance of impropriety.

art. VI, § 10.

■ "Evident partiality" is not the same as actual bias. *Commonwealth Coatings Corp. v. Continental Cas. Co.*, 393 U.S. 145, 147–48, 89 S.Ct. 337, 338–39, 21 L.Ed.2d 301 (1968), *rehearing denied,* 393 U.S. 1112, 89 S.Ct. 848, 21 L.Ed.2d 812 (1969). Whether there is actual bias is a fact question, *Toyota of Berkeley,* 834 F.2d at 756, while evident partiality is a legal question. A party to an arbitration is entitled to a fair arbitration. It is not enough that the arbitrators be unbiased; they must not even appear to be biased. *Commonwealth Coatings,* 393 U.S. at 150, 89 S.Ct. at 340; *see also L & H Airco, Inc. v. Rapistan Corp.,* 446 N.W.2d 372, 377 (Minn.1989), *rehearing denied* (Minn. Nov. 29, 1989).

In defining "evident partiality," the Minnesota Supreme Court has held that contacts between an arbitrator and a party, or between arbitrators, that might create an impression of possible bias, require that the arbitration award be vacated. *Northwest Mechanical,* 283 N.W.2d at 524 (citing *Commonwealth Coatings,* 393 U.S. at 149, 89 S.Ct. at 339).

In *Commonwealth Coatings,* a painting subcontractor sued the sureties on the general contractor's bond for money allegedly due the subcontractor. The dispute proceeded to arbitration, where the neutral arbitrator was an engineering consultant. The subcontractor was not informed that one of the neutral arbitrator's regular customers was the general contractor that the subcontractor sued. Although there had been no business dealings between the neutral arbitrator and the general contractor for about a year before the arbitration, the neutral arbitrator had received about $12,000 in fees from the general contractor over a period of four or five years and had rendered services on the projects involved in the lawsuit. On these facts, the Supreme Court held that the award of the arbitration panel should have been set aside even though there had been no showing or allegation of actual bias. *Commonwealth Coatings,* 393 U.S. at 150, 89 S.Ct. at 340.

■ When a party alleges evident partiality, the district court should resolve any factual disputes regarding the arbitration proceedings. In this case, the district court made no such findings; however, there are no disputes of fact. The unrefuted statements of Tighe and Tasler establish the extent of the contacts between them. Those contacts do not constitute evident partiality because the contacts were disclosed and did not involve the merits of the dispute. Further, there was no longstanding business relationship between the arbitrators that would lead a reasonable person to believe the neutral arbitrator would be partial to one party. *See Egan & Sons Co. v. Mears Park Dev. Co.,* 414 N.W.2d 785 (Minn.App.1987), *pet. for rev. denied* (Minn. Jan. 20, 1988); *Safeco Ins. Co. v. Stariha,* 346 N.W.2d 663, 666 (Minn. App.1984). On the undisputed facts of this case, the district court properly denied the motion to vacate.

## DECISION

On the undisputed facts of this case, the contacts between the arbitrators do not constitute evident partiality. The district court properly denied Pirsig's motion to vacate the arbitration award.

AFFIRMED.