AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, DISTRICT COUNCIL NO. 14, LOCAL UNION NO. 551, AFL–CIO, for itself and on behalf of its member, J. Michael Terry, Grievant, Appellant,

v.

MINNEAPOLIS COMMUNITY DEVELOPMENT AGENCY, Respondent.

No. C4–94–500.

Court of Appeals of Minnesota.

Aug. 16, 1994.

Gregg M. Corwin, Mary L. Setter, Gregg M. Corwin & Associates, St. Louis Park, for appellant.

John C. Swanson, Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and LANSING and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

The American Federation of State, County and Municipal Employees (AFSCME) appeals on behalf of its member, J. Michael Terry, from the district court's February 14, 1994 order denying a motion to compel arbitration. AFSCME argues that the trial court erred in finding that the arbitrator did not exceed his authority and that the statute of limitations was equitably tolled during the pending of the grievance pursuant to the parties' collective bargaining agreement in this matter. We affirm.

## FACTS

AFSCME is the exclusive representative of certain public employees employed by the Minneapolis Community Development Agency (MCDA). Pursuant to the Public Employment Labor Relations Act (PELRA), AFSCME and MCDA negotiated a collective bargaining agreement which remains in effect from October 1, 1992 through November 15, 1994.

Section 23.01 of the collective bargaining agreement provides that disciplinary action may be imposed only for just cause upon an employee who has satisfactorily completed the initial probationary period. Section 5.01 states that the "grievance procedure is established to resolve any specific dispute between the employee and the Employer concerning, and limited to, the interpretation or application of the express provisions of this Agreement." Section 5.03 ultimately provides for arbitration if the parties are unable to settle a dispute. Section 5.02, titled "Election of Remedy," further provides:

> In the event that more than one procedure is by law available for resolution of a dispute arising from any provision(s) covered by this Agreement, the aggrieved employee(s) shall be limited to one procedure through which remedy may be sought.

J. Michael Terry, the grievant in this matter, was employed as an Affirmative Action Program Coordinator for MCDA until he was discharged for misconduct on October 9, 1992. On October 16, 1992, Terry filed a charge of discrimination with the Minnesota Department of Human Rights, alleging that he was discharged in reprisal for his association with white people. On October 18, 1992, AFSCME also filed a grievance pursuant to the collective bargaining agreement.

MCDA responded to AFSCME's grievance with a letter based on section 5.02 of the collective bargaining agreement. MCDA stated that since Terry had already sought a remedy to his grievance under Minn.Stat. § 363.03, subd. 7(2), AFSCME could not simultaneously file a grievance under the collective bargaining agreement.

The parties eventually agreed to submit the issue of arbitrability of AFSCME's griev-

ance to final arbitration as an initial matter. The parties submitted a joint stipulation of facts, numerous joint exhibits and written arguments to the arbitrator. The arbitrator determined that the clear and unambiguous language of the collective bargaining agreement precluded AFSCME's grievance, and that the matter was not arbitrable.

AFSCME brought an action in district court seeking to vacate the arbitrator's award pursuant to Minn.Stat. § 572.19, subd. 1(3) (1992). The district court denied AFSCME's motion and confirmed the arbitrator's award because it drew its essence from the underlying contract. This appeal followed.

### ISSUE

Did the trial court err in not vacating the arbitration award on the ground that the arbitrator exceeded its authority?

### ANALYSIS

■ Appellant argues the district court erred in not vacating the arbitrator's award.[1] "An arbitration award 'will be vacated only upon proof of one or more of the grounds stated in Minn.Stat. § 572.19.'" *Pirsig v. Pleasant Mound Mut. Fire Ins.*, 512 N.W.2d 342, 343 (Minn.App.1994) (quoting *AFSCME Council 96 v. Arrowhead Reg. Corr. Bd.*, 356 N.W.2d 295, 299 (Minn.1984)). Here, appellant sought to vacate the award based on a claim that the arbitrator exceeded its powers in violation of Minn.Stat. § 572.19, subd. 1(3).

■ Appellant first contends that the district court applied the wrong standard of review in confirming the arbitrator's decision. Determining the appropriate standard of review presents a question of law. Hence, this court is not bound by and need not give deference to the district court's decision on this issue. *Frost–Benco Elec. Ass'n v.*

*Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ The standard of review to be applied by a district court reviewing an arbitration award "derives from the grounds upon which a party seeks to vacate the award." *Koranda v. Austin Mut. Ins.,* 397 N.W.2d 357, 360 (Minn.App.1986), *pet. for rev. denied* (Minn. Feb. 13, 1987). The district court conducts a de novo review of an arbitrator's determination about the arbitrability of a grievance. *Metropolitan Airports Comm'n v. Metropolitan Airports Police Fed'n,* 443 N.W.2d 519, 524 (Minn.1989). But, when a decision is challenged on the merits, the award will not be vacated if it draws its essence "from the contract and can in some rational manner be derived from the agreement." *Id.* (quoting *Ramsey County v. AFSCME, Council 91, Local 8,* 309 N.W.2d 785, 792 (Minn.1981)).

■ Here, appellant's position was that the unlawful discrimination claim and the grievance challenging just cause for termination were two separate claims, and that the pursuit of one claim through outside procedures did not prevent a pursuit of the other claim under the procedures of the collective bargaining agreement. The arbitrator disagreed, and noted that the employer's allegation of misconduct and the employee's allegation of unlawful reprisal were "inseparably intertwined." The arbitrator noted further that "[b]oth sets of allegations were raised in the Department of Human Rights forum, and it appears that both will inexorably emerge * * * in any arbitration of the just cause issue." The arbitrator concluded that, as Terry had already pursued his claim in an external forum, the election of remedies clause precluded arbitration under the collective bargaining agreement.

In reviewing the arbitrator's decision, the district court found that "indirectly, the mer-

---

1. AFSCME also argues the statute of limitations cannot be tolled under the Minnesota Human Rights Act while Terry pursues a remedy under the "just cause" grievance provision of the contract. Under the Act, the one-year limitation period is suspended while a party is engaged in arbitration, or a grievance procedure pursuant to a collective bargaining agreement, for a dispute involving a claim of unlawful discrimination.

Minn.Stat. § 363.06, subd. 3 (1992). While this question is irrelevant to the determinative issue of arbitrability, we agree with the district court's conclusion that the limitation period would be tolled in this case, since Terry's defense of MCDA's charge of misconduct involves a claim of unlawful discrimination under the Human Rights Act.

its [of the case] had to be examined in order for [the arbitrator] to reach his ultimate determination that the grievance was not arbitrable." Accordingly, the district court found that the "essence" test was the appropriate standard of review. We agree. Where

> the issue of arbitrability is inextricably intertwined with the merits of the dispute, the arbitrator's decision * * * must be confirmed [if] it draws its essence from the collective bargaining agreement.

*Metropolitan Airports Comm'n,* 443 N.W.2d at 524.

The remaining question then is whether the arbitrator's award did indeed draw its essence from the parties' contract. Here, Terry was discharged, allegedly for just cause, and he had a right to contest his discharge using the grievance procedure provided by the collective bargaining agreement. But, the agreement also provided that if more than one procedure for resolving a dispute was available, then Terry would be limited to only one procedure. Terry chose to proceed under the Human Rights Act rather than the agreement. The union subsequently filed a grievance contesting Terry's discharge pursuant to the agreement. The arbitrator concluded that the election of remedies clause of the collective bargaining agreement precluded the union's grievance since Terry had already chosen to pursue his claim under an alternative procedure.

The district court concluded, correctly, that the arbitrator's award drew its essence from the underlying contract—the collective bargaining agreement. Whether this court agrees with the arbitrator's decision is not relevant;

> courts will not overturn an award merely because they may disagree with the arbitrators' decision on the merits.

*Ramsey County v. AFSCME, Council 91, Local 8,* 309 N.W.2d 785, 790 (Minn.1981) (quoting *Children's Hosp., Inc. v. Minnesota Nurses Ass'n.,* 265 N.W.2d 649, 652 (Minn. 1978)). It is enough if the arbitration decision can "in some rational manner be derived from the agreement." *Metropolitan Airports Comm'n,* 443 N.W.2d at 524 (quoting *Ramsey County,* 309 N.W.2d at 792).

## DECISION

The trial court properly determined AFSCME failed to meet its burden of proving that the arbitrator clearly exceeded his powers. Therefore the judgment of the district court is affirmed.

**Affirmed.**