Evan W. AARON, Respondent,

v.

ILLINOIS FARMERS INSURANCE GROUP, Appellant.

No. C0–98–1670.

Court of Appeals of Minnesota.

April 6, 1999.

Ned E. Ostenso, Merrigan, Quayle, Brandt & Ostenso, P.L.L.P., Hopkins, for respondent.

Jeanne H. Unger, Deborah C. Eckland, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, for appellant.

Considered and decided by TOUSSAINT, Chief Judge, G. BARRY ANDERSON, Judge, and HOLTAN, Judge.

## OPINION

HARVEY A. HOLTAN, * Judge.

Illinois Farmers Insurance Group appeals the district court's denial of its motion to vacate an underinsured motorist (UIM) arbitration award under Minn.Stat. § 572.19, subd. 1(2) (1998). Because no evident partiality by the neutral arbitrator or prejudicial misconduct by any arbitrator has been demonstrated, we affirm.

## FACTS

On November 14, 1994, respondent Evan Aaron was injured while riding as a passenger in an automobile owned and driven by his brother, Erik Aaron. The car was involved in an accident with another car, owned and driven by Michael Kuehn. Aaron brought tort claims against both his brother and Kuehn. He settled those claims in 1996 and then sought underinsured motorist benefits from appellant Illinois Farmers Insurance Company (Farmers), the insurer of his brother's automobile.

Farmers denied Aaron's claim for UIM benefits and, pursuant to Farmers' insurance policy, the parties submitted the UIM claim for arbitration. A three-member arbitration panel heard the matter on June 4, 1998. The day of the arbitration, Farmers objected to the disclosure of Farmers' insurance policy limits and the settlement amounts in Aaron's arbitration brief. The brief stated:

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

Mr. Kuehn was insured with USAA Insurance Company with liability policy limits of $30,000.00. Erik Aaron was insured by Farmers' Insurance Companies with corresponding liability limits of $30,000.00. In December, 1996 Plaintiff settled with both USAA and Farmers on the liability portions of their respective policies for a total settlement of $40,000.00; $20,000.00 from USAA and $20,000.00 from Farmers.

On the basis of this disclosure, Farmers requested that the arbitration panel be stricken and a new panel appointed to hear the evidence without regard to the underlying policy limits and settlements.

The arbitrators denied Farmers' request, each individually stating that a fair and impartial result could be reached without prejudice to either party. The neutral arbitrator specifically noted the absence of Minnesota law on the issue and, based on his experience on other UIM arbitration panels, the lack of any set practice on disclosure of policy limit information in UIM arbitrations. Charged with allocating fault and awarding damages, the arbitration panel found that Kuehn was 65% at fault and Aaron's brother was 35% at fault and awarded Aaron $132,000 in damages. All three arbitrators signed the arbitration award.

Farmers moved to vacate the arbitration award under Minn.Stat. § 572.19 for Aaron's prejudicial misconduct and the arbitrators' evident partiality. The district court denied Farmers' motion and confirmed the arbitration award. Farmers now appeals.

### ISSUE

Did the district court err in denying Farmers' motion to vacate the arbitration award for evident partiality or prejudicial misconduct?

### ANALYSIS

■■■ An appeal from an arbitration decision is subject to an extremely narrow standard of review and the reviewing court must exercise "every reasonable presumption" in favor of the arbitration award's finality and validity. *Hunter, Keith Indus., Inc. v. Piper Capital Management, Inc.*, 575 N.W.2d 850, 854 (Minn.App.1998) (citing *State, Office of*

*State Auditor v. Minnesota Ass'n of Prof'l Employees*, 504 N.W.2d 751, 754 (Minn. 1993)). A court may vacate an arbitration award on one of the grounds listed in Minn. Stat. § 572.19. *AFSCME Council 96 v. Arrowhead Reg'l Corrections Bd.*, 356 N.W.2d 295, 299 (Minn.1984). "[E]vident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party" is one of the statutory grounds. Minn.Stat. § 572.19, subd. 1(2) (1998). Whether challenged conduct constitutes "evident partiality" or prejudicial misconduct is a legal question reviewed de novo. *Pirsig v. Pleasant Mound Mut. Fire Ins. Co.*, 512 N.W.2d 342, 343–44 (Minn.App.1994); *see Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985) (statutory construction is a question of law subject to de novo review on appeal).

■■■ Farmers contends that the three arbitrators demonstrated "evident partiality" by refusing to remove themselves after receiving policy limit and settlement amount information. Minn.Stat. § 572.19, subd. 1(2), requires vacation of the arbitration award when there was evident partiality *by the neutral arbitrator*. Consequently, "evident partiality" generally arises when a neutral arbitrator has contacts with a party or another arbitrator that might create an impression of possible bias. *Pirsig*, 512 N.W.2d at 344; *see, e.g., L & H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 377 (Minn.1989) (impression of bias arising from one arbitrator's prior business relationship with one of the parties). "The party challenging the award must establish facts that create a reasonable impression of partiality." *Pirsig*, 512 N.W.2d at 343 (citation omitted).

The record does not indicate any partiality by the neutral arbitrator, or, for that matter, by any of the arbitrators. All three arbitrators, including the arbitrator chosen by Farmers, stated that disclosure of the information would not influence their decision. After deliberation, all three arbitrators signed the arbitration award, indicating that even the arbitrator chosen by Farmers felt it was a fair and reasonable result. Under

these circumstances, we perceive no evident partiality requiring vacation of the arbitration award.

 Farmers next argues that Aaron's intentional disclosure of Farmers' policy limits and underlying settlement amounts constitutes prejudicial misconduct within the meaning of Minn.Stat. § 572.19, subd. 1(2). Farmers' argument strains the ordinary construction of the statute. Taken as a whole, Minn.Stat. § 572.19, subd. 1(2), proscribes prejudicial misconduct on the part of an arbitrator, not a party. Indeed, in summarizing the statute, this court recently stated that a court shall vacate an award when "there was *prejudicial misconduct* or corruption *by the arbitrator* or evident partiality of the neutral." *Hunter, Keith Indus., Inc.,* 575 N.W.2d at 854 (emphasis added). Misconduct by one of the parties falls under Minn. Stat. § 572.19, subd. 1(1), which mandates vacation when "[t]he award was procured by corruption, fraud or other undue means." Accordingly, Aaron's alleged misconduct does not fall within the provision raised by Farmers. Moreover, in the absence of published caselaw, statute, or contractual provision expressly prohibiting the disclosure of policy limit or settlement information in a UIM arbitration, the arbitrators' refusal to recuse themselves after Aaron's disclosure is not "misconduct." [1] Given the strong presumption in favor of arbitration awards, Farmers has not demonstrated sufficient grounds for vacating the award.

## DECISION

The district court properly denied the motion to vacate and confirmed the arbitration award.

**Affirmed.**

---

1. While there was no appearance of bias warranting vacation of the arbitration award in this case, we believe that unless the arbitration agreement provides otherwise, disclosure of insurance policy limit and settlement information in UIM arbitration proceedings should be avoided.